[Civ. No. 6788. Second Appellate District, Division Two.—June 8, 1931.]

GRACE BOBIER, Respondent, v. DAISY H. BAUGH, Executrix, etc., et al., Appellants.

Louis Budway and E. Neal Ames for Appellants.

John J. Dillon and Lawrence P. Scherb for Respondent.

CRAIG, J.—The defendants appeal from a judgment rendered in favor of the plaintiff for restitution of certain real property in Los Angeles County, and for unpaid rents for the use thereof.

Each of the defendants was served with a thirty-day notice that the rental of said premises would be $1,000 per month, commencing October 18, 1928, which said notice was signed by counsel "for Grace B. Bobier". Having remained in occupation and use of the property thereafter until January 18, 1929, they were served with a three-day notice to vacate or to pay the rents then earned and unpaid. Suit was subsequently commenced by a complaint verified by counsel for the plaintiff "for the reason that the facts thereof are peculiarly within the knowledge of affiant". It appeared that the defendants had occupied the premises from September 18, 1928, until the trial, that they were still possessed of the premises, and that the rent had not been paid.

This appeal purports to be founded upon an insufficiency of the evidence to support the findings of fact and judgment. It is argued on behalf of appellants that no properly verified complaint was filed; that the notices were not served, that they were not signed by their landlord; that Baugh was not a tenant, and that the asserted tenancy was, if anything, one at will rather than from month to month.

A technical discrepancy in the verification of the complaint was amended during trial without objection. Possession and use of the premises during the alleged term, receipt of the notices, and the failure to pay rent, were admitted by the defendants. Upon the record presented the notices were sufficient. (*Wayland* v. *Latham*, 89 Cal. App. 68 [264 Pac. 766].) Prejudicial error is not claimed, nor does it appear, to have arisen by virtue of the attempted distinction as to the nature of the tenancy. However, the thirty-day notice stated a tenancy from month to month. Remaining argued grounds for a reversal, if worthy of consideration, are based upon facts outside the record, and hence are not available upon this appeal.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.