[Crim. No. 2453.   First Dist., Div. Two.   Feb. 18, 1947.]

In re J. MAXWELL PEYSER, on Behalf of HELEN TAUBE, on Habeas Corpus.

J. Maxwell Peyser for Petitioner.

Edmund G. Brown, District Attorney, and B. W. Hirschberg, Deputy District Attorney, for Respondent.

DOOLING, J.—Petitioner seeks her release on habeas corpus from further imprisonment in the county jail of the City and County of San Francisco. ■ Petitioner was convicted of two misdemeanors in the municipal court and on March 26, 1946, sentenced to two terms of six months in the county jail without direction as to whether the sentences should run consecutively or concurrently. They therefore must be construed to run concurrently. (Pen. Code, § 669.) On May 29, 1946, she was convicted in the superior court of a violation of section 11500 of the Health and Safety Code and sentenced to serve six months in the county jail. This judgment provided in express terms that the sentence should "run concurrently with the sentence heretofore imposed in the Municipal Court."

On June 5, 1946, petitioner was convicted of another misdemeanor in the municipal court and again given a six months' sentence in the county jail. The judgment in this latter case, as certified in the commitment to the sheriff pursuant to Penal Code, section 1213, makes no provision as to whether this sentence shall run concurrently with or consecutively to the three prior sentences. Below the certificate to this commitment is impressed with a rubber stamp the following words and figures:

"Consecutive #673375
"673374
"and Superior Court #38354."

The numbers quoted are those given to the three prior criminal proceedings in which sentences were imposed upon petitioner as above recited.

It is alleged in the petition and not denied that with good credit allowances petitioner has completed the service of all four sentences if they are to run concurrently.

The only question presented is the effect, if any, to be given to the rubber stamped words and figures appended to the fourth commitment. We are convinced that they should be given none.

■ Under section 1213 of the Penal Code the judgment as pronounced must be certified to the officer whose duty it is

to execute the judgment. (See *People* v. *Sourisseau*, 62 Cal. App.2d 917, 928-9 [145 P.2d 916].) The judgment of June 5, 1946, as certified is silent on the manner in which the sentence therein imposed shall run in relation to the three earlier sentences.

Under section 669 of the Penal Code if the original judgment "fails to determine how the terms of imprisonment shall run in relation to each other" the court within the time limits therein fixed may "determine how the term of imprisonment . . . shall run with reference to the prior incompleted term or terms" and that this may be done in the absence of the defendant. We cannot assume on the record before us that any such action was taken or order made. The mere presence of the rubber stamped word "consecutive" followed by the numbers of the prior proceedings against petitioner below the certificate to the commitment imports no verity and proves nothing.

By section 1213 of the Penal Code the Legislature has expressly provided that the judgment of imprisonment shall be certified by the judge himself. It seems clear that the requirement of the judge's certificate was made out of a wise regard for the rights of the convicted person, so that the judge who had imposed the sentence could himself be certain that the clerk had correctly entered in his minutes the judgment actually rendered by the judge. If the judge, having omitted in his original judgment to provide how the term of imprisonment imposed should run with relation to prior uncompleted terms, under the authority of section 669 of the Penal Code later makes an order that the term shall run consecutively, his subsequent order becomes a part of the judgment and must be certified (pursuant to Pen. Code, § 1213) to the officer whose duty it is to execute the judgment. The liberty of no individual should depend upon a rubber stamp in the hands of a court clerk or other person where the record does not show that it reproduces an order or judgment of the court.

We conclude that on the showing made the four sentences must be construed to run concurrently. (*In re Radovich*, 61 Cal.App.2d 177 [142 P.2d 325].)

The petitioner is ordered discharged from further custody pursuant to the four judgments referred to herein, and the bond exacted of her in this proceeding is exonerated.

Nourse, P. J., and Goodell, J., concurred.