[Civ. No. 22097. Second Dist., Div. One. June 10, 1957.]

JACK ALTMAN et al., Respondents, v. LESSIE E. POOLE, Appellant.

Roscoe C. Carroll for Appellant.

Robert L. Kronick and L. Lee Bernstein for Respondents.

FOURT, J.—This is a motion to dismiss appeals from (1) the interlocutory judgment and the order denying motion to vacate said judgment and (2) the final judgment and the order granting the motion for final judgment.

The plaintiffs herein filed a complaint on May 2, 1955, for declaratory relief and to quiet title to certain real property and for the appointment of a receiver. The relief prayed for, in essence, was that the defendants be required to set forth the nature of their claim and that all of the adverse claims to the real property be determined by a decree of the court; that it be adjudged that the defendants have no title or interest in the property; that the plaintiffs have title thereto and that a writ of possession issue to oust the defendants from the possession of the property, and to deliver the same to the plaintiffs. Further, that the defendants account for rents and income since March 25, 1955, and that it be decreed that the defendants forfeited all rights in the premises and to the money paid the plaintiffs by the defendants under the agreement and for such other relief as might be proper. There was a cross-complaint for declaratory relief, fraud and deceit in the inducement to contract, and breach of agreement to sell real estate. The prayer of the cross-complaint was in the usual form for such an action.

The cause was tried and an interlocutory judgment entered March 29, 1956, wherein the defendant was to have 120 days from the date of entry of said judgment within which time to cure all of the defaults under the agreement dated June 28, 1954, between the plaintiffs and defendant, by paying to the plaintiffs all delinquent installments due thereunder, and all taxes paid by the plaintiffs on the real property and improvements covered by the agreement, and further, to be entitled to said 120 days to cure the defaults, the defendant was to pay the current installments which fell due under the contract, namely $160 per month during the 120-day period, and to pay the March, 1956 installment within five days after service of notice of the entry of the judgment. If the defendant made the payments ordered, the defaults were to be cured and all of her rights under the agreement were to be restored. It was also ordered that upon the failure of the defendant to cure such defaults, that the plaintiffs should make a motion for the entry of a final judgment. The defendant took nothing by the cross-complaint.

The notice of entry of judgment was filed April 2, 1956, and was served by mail April 2, 1956, on the defendant and

cross-complainant and her attorney of record. A notice of intention to move to vacate the judgment and for the entry of a new judgment was filed April 6, 1956, and such motion was denied April 16, 1956.

No notice of intention to move for a new trial was filed.

Notice of appeal to this court from the judgment entered March 29, 1956, and from the order denying the motion to vacate judgment was filed April 27, 1956. Notice to the clerk to prepare clerk's and reporter's transcripts was filed April 30, 1956, and pursuant to rule 4a of Rules on Appeal, a copy of such notice was mailed June 6, 1956, to the court reporter.

The clerk's transcript was filed July 25, 1956. The reporter's transcript was filed August 22, 1956. Notice of the completion of the clerk's and reporter's transcripts on appeal was filed August 22, 1956.

The plaintiffs made a request for a correction of the clerk's transcript on appeal, which was filed August 27, 1956, and a minute order of September 25, 1956, entered September 27, 1956, orders the clerk's transcript corrected to include the pleadings, findings of fact and the conclusions of law and the interlocutory judgment. The civil transcript section contacted the office of the attorney for the appellant on October 10, 1956, regarding the cost ($55.95), for the preparation of the supplemental clerk's transcript. On October 19, 1956, the attorney was again contacted in reference to the cost of the supplemental transcript. As of April 11, 1957, no arrangement had been made with the clerk for the payment of the money to prepare the supplemental transcript, and accordingly, no such supplemental clerk's transcript has been certified or filed.

A notice of motion by the defendant to vacate the order for additional matters in the clerk's transcript on appeal was filed November 28, 1956, and such motion was denied November 29, 1956.

Notice of motion for entry of the final judgment was filed June 12, 1956, and by minute order of August 17, 1956, entered August 21, 1956, the motion was granted. The final judgment, entered August 27, 1956, orders that the plaintiffs are the owners of the property and improvements described, and that a writ of possession issue and that the defendant's rights in the property are terminated.

A notice of appeal to this court from the judgment entered August 27, 1956, and from the order granting the motion for final judgment, was filed August 28, 1956. No notice to the

clerk requesting a record on appeal has been filed, and accordingly, no transcript has been certified or filed pertaining to the appeal filed August 27, 1956.

Respondents' motion to dismiss the appeals is upon the grounds that (1) the judgment entered on March 29, 1956, was only an interlocutory judgment, not final, and not being within the statutory classes of appealable interlocutory judgments, is nonappealable; (2) appellant has failed to comply with the requirements of rules 5(a) and 5(c) of Rules on Appeal, in that she has not paid the costs of preparing a clerk's transcript on the appeal from the interlocutory judgment, and she has failed to request or pay for a clerk's transcript on the appeal from the final judgment, within the time provided by law, and (3) appellant has failed to use reasonable diligence to effect and prosecute her appeal.

In his counteraffidavit to the motion to dismiss, appellant's counsel states that he "ordered and paid for the matters desired on appeal and accordingly, they were completed." Counsel further states in his affidavit that he informed the clerk that respondents should pay for any matters ordered by them by reason of rule 5(b) on appeal and that he made repeated requests to the clerk to transmit to the reviewing court the matters ordered and paid for by affiant; that "there is no reason why the matters prepared for appellant should not be sent to the reviewing Court. Accordingly, affiant is now seeking a Writ of Mandate to compel the transfer of appellant's records to the reviewing Court."

With respect to the appeal from the final judgment, appellant's counsel states in his affidavit that, "[t]he second notice of appeal was filed for the sole purpose of bringing under the authority of the reviewing Court, the administrative act of entering a final judgment. Since there is nothing more to be ordered, affiant did not think it necessary to ask the Clerk and Reporter to duplicate their work for another $258.95."

Rule 5(a), Rules on Appeal, provides that within the prescribed time appellant "shall serve on the respondent and file with the clerk of the superior court a notice designating the papers or records on file or lodged with the clerk, . . . which he desires incorporated in the record on appeal." Appellant's notice to the clerk to prepare the transcript requested only "a clerk's transcript and a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts, or statements of the court, also all objections or exceptions of counsel, and all matters to

which the same relate, and also all proceedings taken on motion to vacate judgment and for entry of new and different judgment and all matters to which the same relate, to be made up and prepared.'' Appellant did not designate any part of the judgment roll to be incorporated in the clerk's transcript. Therefore, the transcript as requested would not contain the judgment or any of the pleadings but would contain only (1) the notice of appeal; (2) the notice to prepare the clerk's transcript and the reporter's transcript, and the notices or stipulations for the preparation of a settled statement or agreed statement, if any; (3) any notice of intention to move for a new trial or motion to vacate the judgment, and the ruling thereon, if any. (Rule 5(d), Rules on Appeal.) The certificate of the clerk of the superior court, attached to respondents' motion to dismiss, indicates that no notice or stipulation for the preparation of a settled statement or agreed statement and no notice of intention to move for a new trial were filed.

■ An appellate court is not required to pass on any question not presented by the record on appeal. ■ The burden is upon the appellant to present a record which will enable the appellate court to review and correct alleged errors and in the absence of a proper record, the appeal will be dismissed. The appeal from the interlocutory judgment was taken more than a year ago and the appeal from the final judgment was taken about eight months ago and no record has reached this court as yet. ■ Appellant asserts that the fault is not hers but respondents' that the record is not before this court, since she wants included therein only that part of the record which she ordered and paid for. She has declined to pay for the addition thereto of any of the pleadings, the findings of fact and conclusions of law and the interlocutory judgment. At the present time there is no record before this court and the record which appellant insists is all she wants reviewed is clearly insufficient for any review since it lacks not only all of the pleadings but the judgment appealed from.

Appellant not having complied with the rules on appeal, the motion is granted and the appeals are dismissed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing and for relief from default was denied July 8, 1957, and appellant's petition for a hearing by the Supreme Court was denied August 6, 1957.