[Crim. No. 6521. Second Dist., Div. Two. May 15, 1959.]

THE PEOPLE, Respondent, v. GUY DEWEY JAQUISH, Appellant.

Guy Dewey Jaquish, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant was charged with violation of section 288, Penal Code, the victim being a 13-year-old girl named Carol. He was also charged with two prior felony convictions, one an assault with intent to rape and the other a violation of sections 288 and 288a, Penal Code. Defendant entered pleas of not guilty and not guilty by reason of insanity. After a nonjury trial he was found guilty and was held to have been sane at the time of commission of the offense, also at the time of trial. The charges of prior conviction were found to be true. Pursuant to proceedings under sections 5501, et seq., Welfare and Institutions Code, defendant was found to be a probable sexual psychopath and committed to Atascadero State Hospital for observation; ultimately he was held by the court to be a sexual psychopath and a menace to the health and safety of others, not capable of benefiting from further treatment. Probation was denied and appellant sentenced to the state prison for the term prescribed by law. He appeals from the judgment.

Appearing in propria persona appellant submits a brief containing a running argument which seems upon analysis to be directed primarily to an effort to persuade this court to reweigh the evidence, notwithstanding appellant's concession that ''Judge Pierson did not believe that the defendant told the truth.'' ''This defendant will only bring forth the facts as he knows them, and the testimony of the State's witnesses to show that they committed perjury and contradictions, and lies, and now with a prayer of truth to the one's who judge these words to find the facts as they truly are.'' Of

course this court may not weigh the evidence. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].)

■ Carol's testimony clearly shows the commission of the crime charged. It is not inherently improbable (see *People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]), and it needed no corroboration (*People* v. *Westek*, 31 Cal.2d 469, 473 [190 P.2d 9]; *People* v. *Huston*, 156 Cal.App.2d 670, 672 [320 P.2d 175]).

■ Nor can this court depart from the record and make independent factual investigations, as appellant repeatedly requests it to do. For example: "The Defendant now asks the Court to investigate this 'F.B.I. Report,' and report its finding to the defendant. . . . The defendant is again requesting this Court investigate the above mentioned allegations by the Deputy Sheriff's Wagnon's Office." That the court of review is confined to and bound by the record before it is well established. (See 3 Cal.Jur.2d, § 261, p. 782; *Altman* v. *Poole*, 151 Cal.App.2d 589, 593 [312 P.2d 6]; *Bobier* v. *Baugh*, 114 Cal. App. 647, 649 [300 P. 473].)

■ Charges that the trial judge was prejudiced against defendant, that he coached the witnesses and gave testimony himself, find no support in the record. Moreover, no such point was raised in the trial court and hence is not available here. (See *Gantner* v. *Gantner*, 39 Cal.2d 272, 277-278 [246 P.2d 923]; *People* v. *Ottey*, 5 Cal.2d 714, 721 [56 P.2d 193]; *People* v. *Corrigan*, 48 Cal.2d 551, 556 [310 P.2d 953].)

Likewise, the claim that defendant's attorney "wouldn't present the facts that were given to him," "did not take sincere interest in the defendant's case," "refused to get the character witnesses that the defendant asked of him to bring into Court," and "throughout the defendant's Trial kept glancing at the Courtroom clock, which is evident that he, the counsel, was more interested in the time than in a fair trial for the defendant," is without substantial basis in the transcript. ■ Moreover, "[t]he handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or a sham.' " (*People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457].) See also *People* v. *Dupree*, 156 Cal.App.2d 60, 69 [319 P.2d 39].

■ Unlawful search and seizure is asserted by appellant. This refers to the taking from defendant's home and booking as evidence the bed sheet, an open jar of vaseline and some of

Carol's garments. There are numerous answers to this claim. It does not appear that the officers did not have a search warrant and hence it is presumed that they lawfully performed their duties. (*People* v. *Farrara*, 46 Cal.2d 265, 268 [294 P. 2d 21]; *People* v. *Citrino*, 46 Cal.2d 284, 287 [294 P.2d 32].)

It is apparent that the officers entered defendant's house in his company and with his consent (see *People* v. *Burke*, 47 Cal.2d 45, 49 [301 P.2d 241]). Examination of the items which were impounded by the police revealed no incriminating spots or the like and none of them was offered in evidence.

Moreover, the question of unlawful search and seizure was not raised in the trial court and hence is not available here. (*Robison* v. *Superior Court*, 49 Cal.2d 186, 187 [316 P.2d 1]; *People* v. *Guy*, 145 Cal.App.2d 481, 488 [302 P.2d 657].)

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.