[Civ. No 23703. Second Dist., Div. Two. May 18, 1959.]

HAROLD STUCKMAN et al., Appellants, v. C. G. WOODHULL, Respondent.

Manuel Seligman for Appellants.

A. Stewart Maddox, Jr., and Henry E. Kappler for Respondent.

ASHBURN, J.—Appeal from judgment for defendant entered pursuant to an order sustaining without leave to amend a demurrer to plaintiffs' complaint. The action is one for malpractice, alleged to have occurred in August, 1954, the facts being known immediately to plaintiffs. The instant complaint was filed on February 13, 1957. The demurrer, which was sustained without leave, relied upon subdivision 3 of section 340, Code of Civil Procedure, which establishes the applicable limitation of one year. (38 Cal.Jur.2d, § 91, p. 708.)

To escape that limitation appellants' counsel has incorporated in the instant record (in a manner warranting our taking cognizance of same) the proceedings in a former suit upon the same cause of action which resulted in a judgment of dismissal pursuant to section 581, subdivision 3, Code of Civil Procedure. Reliance is placed upon *Bollinger* v. *National Fire Ins. Co.*, 25 Cal.2d 399 [154 P.2d 399], and the argument is that the former action was defeated by a technicality, the present one is a substantial continuance of the former, and, it having been commenced promptly, the statute was suspended for the period intervening between the commencement of the two actions.

The facts are these: On June 16, 1955, plaintiffs sued defendant physician in Los Angeles County for damages for malpractice occurring in August, 1954, when, as it was alleged, defendant, who had undertaken to act as plaintiff Harold Stuckman's physician, abandoned the case at a critical time and on August 10, 1954, refused to treat the plaintiff any further. Plaintiff had to obtain other medical and surgical aid, undergo two operations in August and September, 1954, as a result of which things plaintiffs claimed a large amount of damages. Defendant answered on July 8, 1955, and the case came on for trial on October 2, 1956. A motion for continuance was made on behalf of plaintiffs and denied by the presiding judge; the cause was transferred to another judge for trial and then retransferred to the presiding judge. The minutes of that department say: "Plaintiff's motion for continuance is denied. Cause is transferred to Department 28 for trial. Later, cause is retransferred from Dept. 28 to

Dept. One. Counsel for plaintiffs stating that plaintiffs were absent from the jurisdiction on vacation notwithstanding his advice that they appear for trial this date, and that plaintiffs had no admissible evidence to offer, whereupon defendant moves the court for judgment of dismissal under the provisions of Section 581, sub(3) C.C.P., said motion is granted by the court, and the defendant, C. G. Woodhull, is given judgment for his costs of suit herein against the plaintiffs Harold Stuckman and Hazel Stuckman, in the sum of $_____. Let execution issue hereon.''

■ This judgment of dismissal was appealable (*Southern Pac. R. R. Co.* v. *Willett,* 216 Cal. 387 [14 P.2d 526]), but no appeal was taken. However, it is not contended by respondent upon this appeal that this dismissal is res judicata. ■ His counsel relies upon the statute of limitations and denies the applicability of the Bollinger case, *supra,* to the facts here presented. Unless that case compels an adoption of appellants' views the judgment is clearly correct, for two and one-half years had intervened between the commission of the alleged malpractice and the filing of the present action.

Bollinger, *supra,* was an action upon a fire insurance policy which provided that any loss should be payable 30 days after the amount thereof was ascertained by agreement or appraisement; also that any action on the policy must be brought within 15 months after occurrence of the fire. The amount having been fixed by agreement the insurer denied liability and plaintiff forthwith brought suit before the lapse of 30 days. The trial court granted a nonsuit and plaintiff promptly filed a new action in another court upon the same claim. By that time the 15 months' period of limitation had expired and the problem presented was whether the new action was barred. The Supreme Court held it was not. The ruling is succinctly explained in the later case of *Neff* v. *New York Life Ins. Co.,* 30 Cal.2d 165, 174 [180 P.2d 900, 171 A.L.R. 563], as follows: ''[P]laintiff brought timely action on an insurance policy but through error of the trial court a nonsuit was entered against him, and his new action filed in another court would have been commenced well within the shortened limitations period provided by the insurance contract had it not been for the insurer's procurement of a number of continuances which delayed the parties in reaching trial on the first action—a peculiar sequence of events deemed to be of controlling importance in suspending the running of the statute of limitations and relieving plaintiff from suffering a 'technical forfeiture'

of his insurance rights." At page 175, the court further said: "But 'statutes of limitations are vital to the welfare of society . . . they promote respose [sic] by giving security and stability to human affairs . . . they stimulate to activity and punish negligence.'"

In *Tannhauser* v. *Adams*, 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], it was contended in a quiet title action that the statute of limitation prescribed for an attack upon a tax deed should not be applied because the suit was one on the equity side. In rejecting this argument the court said, concerning the Bollinger case, *supra*: "The doctrine announced by this court in *Bollinger* v. *National Fire Ins. Co.* (1944), 25 Cal.2d 399, 406-411 [154 P.2d 399], that in an action which 'is in reality a continuance of the earlier action [commenced in time] involving the same parties, facts, and cause of action, and was promptly filed after entry of the judgment on the nonsuit, plaintiff should not be deprived of a trial on the merits . . .' and the running of the statute will be 'suspended,' is not applicable here. In the Bollinger case the opinion states that plaintiff (p. 410 of 25 Cal.2d) 'brought his [first] action . . . in good time and *diligently pursued it'* (italics added) but 'through error of the trial court [in the first action] was not allowed to proceed to trial.' Here the two actions do involve 'the same parties, facts [except those occurring subsequent to filing of the first action], and cause of action,' but there the similarity ends. The first action brought by this plaintiff was not diligently pursued; it was dismissed for want of prosecution; plaintiff failed to secure a trial on the merits in that action not because of error of the court but because of his own (or his then attorney's) neglect." (Pp. 177-178.)

In the instant situation it appears that the causes of action and parties are identical in the two cases but, as in Tannhauser, *supra,* the first action was not diligently pursued and plaintiffs' failure to procure a trial on the merits was due to their own neglect.

█ In urging error in the ruling of the presiding judge[1] which denied a continuance, counsel goes outside the record, an area into which we cannot follow. (Rule 13 of Rules on Appeal; *Gantner* v. *Gantner*, 39 Cal.2d 272, 277-278 [246 P.2d 923] ; *Altman* v. *Poole*, 151 Cal.App.2d 589, 593 [312

---

[1]The correctness of the ruling in the first action was canvassed in the Bollinger case, *supra*, as an incident to determination of where the equities lay with respect to application of the statute of limitations.

P.2d 6] ; *Bobier* v. *Baugh,* 114 Cal.App. 647, 649 [300 P. 473] ; 3 Cal.Jur.2d, § 261, p. 782.) We have before us only the showing of the minutes to the effect that counsel represented "that plaintiffs were absent from the jurisdiction on vacation notwithstanding his advice that they appear for trial this date, and that plaintiffs had no admissible evidence to offer." The allegation of the present complaint "that when the case came up for trial plaintiffs were required to leave the City and County of Los Angeles for reasons of health" does not assert or imply that any such showing as to health was presented to the presiding judge. Manifestly, a litigant who voluntarily and unnecessarily absents himself from the trial against the advice of his attorney is not entitled to a continuance, nor does his situation present an equity comparable to those which controlled the ruling in the Bollinger case. The complaint before us is devoid of any showing of inequitable conduct on the part of defendant.

The complaint at bar carries no suggestion that a cause of action exists in favor of the plaintiff wife. There was no error in sustaining the demurrer without leave as to both plaintiffs.

Judgment affirmed.

Fox, P. J., concurred.

Mr. Justice Herndon did not participate in this case.