[Crim. No. 1595. Fourth Dist. Dec. 21, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY
ANTHONY EWING, Defendant and Appellant.

Henry Anthony Ewing, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant, appellant herein, was charged with the offense of burglary, i.e., a violation of Penal Code, section 459, and with five previous felony convictions; admitted the previous convictions; pleaded not guilty to the burglary charge; was tried by a jury therefor; was convicted of burglary in the second degree; moved for a new trial, which was denied; and was sentenced to imprisonment in the state

prison. Judgment was pronounced on September 23, 1960; made no determination as to whether the sentence imposed should run concurrently or consecutively with any prior incompleted sentence; and on November 1, 1960, was amended *nunc pro tunc* so as to provide that the sentence thereby imposed should run consecutively with any previously imposed sentence.

The defendant appeals from the judgment contending that: (1) the evidence is not sufficient to sustain the verdict; (2) the court was biased against him; (3) he received only token representation from his counsel; (4) he was a victim of an unlawful search and seizure; (5) error was committed when the testimony of a witness was not read to the jury as requested; (6) the jury was improperly instructed; and (7) the court erred in amending the original judgment.

 Under oft-repeated rules, when the sufficiency of the evidence to sustain a verdict is challenged on appeal, the appellate court determines only whether there is any substantial evidence in the record, either direct or circumstantial, contradicted or uncontradicted, which justifies the conclusion reached (*People* v. *Daugherty*, 40 Cal.2d 876, 885 [256 P.2d 911] ; *People* v. *Foster*, 195 Cal.App.2d 651, 653 [15 Cal. Rptr. 891]) ; does not determine the credibility of the witnesses or the weight to be given their testimony, unless it is obviously false or inherently improbable (*People* v. *Ashley*, 42 Cal.2d 246, 266 [267 P.2d 271] ; *People* v. *Jaquish*, 170 Cal. App.2d 376 [338 P.2d 974]) ; and, in the absence of some legal impediment, will assume that the jury accepted that evidence which supports their verdict and rejected that evidence which would support a contrary verdict. (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12] ; *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) The evidence herein will be stated accordingly.

On Sunday morning, January 31, 1960, at about 8 :45 a. m., the owner of a radio and television business in Montclair drove up to the front of his store, which was closed for business; noticed a movement inside; walked to the corner of the building and observed that the door to the service entrance was ajar; simultaneously saw the defendant come out of this entrance with his hands wrapped in strips of white cloth, and called to him to stop. The defendant fled toward an open field. The owner returned to his car; drove in search of the defendant; located him walking along an adjoining street, and followed him. When the owner came near the defendant,

the latter turned; ran in the opposite direction; crossed the street in front of the owner; and got into a Buick automobile driven by a person resembling a codefendant named Green, which simultaneously came on the scene. The owner followed the automobile; got the license number thereof; and reported the incident to the police.

Upon examination, it was discovered that a television set had been removed from the display window of the store in question, and had been placed near the side entrance; that a stereo set, in a case looking like a piece of luggage, which had been opened for display on a table in the show room, was found closed up and moved from its display location; and that the service entrance door had been forced open.

The store owner identified the defendant from a photograph furnished him by the police. Thereupon, the defendant was arrested, after he had been observed getting into the Buick automobile bearing the license number which the store owner obtained from the automobile that picked up the defendant on the day of the burglary. It developed that this automobile was registered to a person named Anthony Ewing. When questioned about this registration, the defendant at first said that the automobile was registered in his brother's name, but later stated that this was not true; that he owned the car and had registered it in the name of Anthony Ewing so that he could get around better.

The foregoing statement of the evidence fully supports the conclusion of the jury that a burglary had been committed and that the defendant was the person who had committed it. (*People* v. *Garcia,* 166 Cal.App.2d 141, 143-144 [333 P.2d 69] ; *People* v. *Stone,* 155 Cal.App.2d 259, 267 [318 P.2d 25] ; *People* v. *Guarino,* 132 Cal.App.2d 554, 559 [282 P.2d 538].) The fact that the television and stereo sets had been moved from their display position; that the person whom the owner saw leaving the building had his hands wrapped in white cloth, indicating an effort to prevent leaving any fingerprints; and the flight upon being detected, all support a finding that entry was made with intent to steal. The evidence which identified the defendant as the person leaving the building was clear and convincing. As a defense, he proposed an alibi, i.e., that he had driven some Air Force men to San Bernardino as an accommodation to them; that on his way back he got off the freeway at Montclair and intended to stop at a coffee shop but, as he was going to turn around in the street, he noticed a man in a sports car chasing another

man; that the man on foot got into his car, stating that the man chasing him had a gun; that he, the defendant, sped away, avoided the sports car and let out the man he had picked up; and, thereupon, he went home. The jury was not required to, and did not accept this alibi. The only issue actually raised was one of identification. As noted, the evidence adequately establishes that the defendant was the person seen leaving the store in question; was pursued by the store owner; and was identified by the latter from photographs prior to the arrest.

The contention that the court was biased against the defendant is not documented in any manner; finds no support in the record; and is wholly without merit.

■ Likewise, the contention that the defendant received only token representation from his counsel is without merit. In substance, such a contention is based on a claim that the representation afforded resulted in a denial of the right to counsel and of due process of law. (See *People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457]; *Powell* v. *Alabama*, 287 U. S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527].) The defendant claims that at the time of trial his attorney's son was seriously ill, and that this prevented the attorney from giving full attention to the court proceedings. The record belies this claim.

■ The alleged unlawful search and seizure, upon which the defendant relies as a basis for reversal of the judgment, occurred at the time of his arrest. The arrest was made upon proper cause; the search was made as an incident thereto; and the claimed lack of a warrant did not render them unlawful. (*People* v. *Hammond*, 54 Cal.2d 846, 853 [9 Cal.Rptr. 233, 357 P.2d 289].) Moreover, no evidence introduced at the trial was procured as a result of this search; it had no effect on the verdict rendered; and could not be the basis for reversible error.

■ The defendant claims that the testimony of a witness named Gabard was not read to the jury when the latter requested the same because "the court was unable to find" it. The minutes of the court relate that parts of the testimony of three witnesses, including Gabard, were read to the jury at their request. The reporter's transcript is silent upon the subject. Nothing appears in the record which contradicts the minutes. Under these circumstances, it will be presumed that they correctly relate the proceedings. (*In re Connor*, 16 Cal.2d 701, 707-708 [108 P.2d 10]; *Estate of Hill*, 149 Cal.App.2d 779, 787 [309 P.2d 39].) ■ Moreover, the testimony of

Mr. Gabard, which is a part of the reporter's transcript on appeal, concerns only the codefendant Green, and not the defendant. Under these circumstances, the alleged error could have had no effect upon the defendant's case.

The defendant makes a general accusation that the instructions given the jury were erroneous, but our attention has not been directed to any specific instances of error. We have examined the instructions and find them to be proper.

 Thirty-nine days after pronouncement of judgment the trial court made an amendment thereto, *nunc pro tunc*, by which the sentence imposed was directed to run consecutively with any other previously imposed sentence. The defendant contends that this action was in excess of the court's jurisdiction and constituted reversible error. From the record it appears that the trial judge, at the time of pronouncement of judgment, did not know whether the defendant was or was not on parole, i.e., whether the sentences previously imposed had been completed, and for this reason made no order with respect to whether the sentence in question should run concurrently or consecutively with any previously imposed incompleted sentence. Section 669 of the Penal Code provides that, in the event the court in pronouncing a second or subsequent judgment, in those instances where the defendant previously has been sentenced, fails to determine how the terms of imprisonment shall run in relation to each other, "at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of such notice, determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment." The court in the instant case acted under the authority of the foregoing provisions, and the amendment to the judgment was proper. The amendment became a part of the original judgment as of the time the latter was pronounced. (*George* v. *Bekins Van & Storage Co.*, 83 Cal.App.2d 478, 481 [189 P.2d 301].)

Our review of the entire record, including the evidence, indicates that the defendant was fairly tried, and that no ground for reversal exists.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied January 17, 1962.