[Crim. No. 4027. Fifth Dist. Jan. 16, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL CAUDILLO, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Laurance S. Smith and Roy M. Dahlberg, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, James T. McNally and Lisa Lewis Dubois, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN (G. A.), P. J.—Appellant was convicted after jury trial of robbery (Pen. Code, § 211) with the use of a firearm (Pen. Code, § 12022.5). He appeals from the judgment.

On March 3, 1977, at about 7:15 p.m., two men entered Ken's Cork-N-Bottle liquor store on 11th Street in Hanford. After the men entered the store one of them picked a bag of potato chips from a rack and walked to the counter. Placing the chips and dollar bill on the counter, he opened his trench coat and revealed a gun butt, as he told clerk Jerry Zwickl "This is a holdup. Give us all your money." The other man, who had never left the cash register area, pointed a gun at Zwickl's forehead.

Zwickl gave the robbers a paper bag and took all the money out of the register. This activated a camera, which took three photos of the robbers. The trench-coated robber placed the money in the bag. Zwickl was ordered to lie face down on the floor. The two robbers left. From her vantage point inside a car parked directly in front of the store entrance, Kathy Rocha saw the two men inside the store near the counter area. About a minute later she saw the men leave the store, run down the street, and around the corner. Zwickl and Rocha identified appellant at trial as the trench-coated robber, and Zwickl also testified that appellant was depicted in all three photographs taken by the hidden camera.

CALJIC NO. 2.52

■ Appellant contends that the trial court prejudicially erred in giving CALJIC No. 2.52, the flight instruction.[1] He argues that every

---

[1]CALJIC No. 2.52 provides: "The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine."

patron of a liquor store eventually leaves it and that the fact he was arrested two weeks after the crime and in another county was no basis for a finding of flight or for an inference of consciousness of guilt.

Appellant's argument overlooks the testimony of witness Kathy Rocha that appellant and another man exited the liquor store and ran south on 11th Avenue and around the corner. Appellant wore a white trench coat and carried a bag; the other man had a gun. These facts make the instant case virtually identical to *People* v. *Vasquez* (1979) 94 Cal.App.3d 42, 45 [156 Cal.Rptr. 235], which upheld the giving of CALJIC No. 2.52. No error occurred. Further, if error occurred, it was harmless in light of the overwhelming case against appellant. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

### CONSECUTIVE SENTENCE

■ Appellant contends that the abstract of judgment signed by the trial court improperly imposes a consecutive sentence. He argues that because the trial court's oral pronouncement of judgment did not impose a consecutive sentence it was improper for the abstract of judgment to reflect such a sentence. Respondent contends that the consecutive sentence was properly imposed pursuant to Penal Code section 669.

At the September 8, 1978, sentencing hearing the trial court sentenced appellant to prison "for the term prescribed by law for violation of Section 211 of the Penal Code together with the allegation of the use of a firearm pursuant to Section 12022.5, this being an offense committed prior to July 1, 1977." The trial court made no oral statement as to whether appellant's sentence should run concurrently with or consecutively to any other, prior sentences. The minute order of the September 8, 1978, proceeding is likewise silent on the point. However, the abstract of judgment, filed September 12, 1978, signed by both a deputy clerk and by the sentencing judge, states: "The sentence in this case is to run consecutively with sentence of Fresno County Superior Court case, #214619-9."

At the time of the sentencing hearing, Penal Code section 669 provided, in pertinent part: "In the event that the court at the time of pronouncing the second or other judgment upon such person had no knowledge of a prior existing judgment or judgments, or having knowl-

edge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon such failure so to determine, or upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of such notice, determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment. *Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently.*" (Italics added.)

Appellant seizes upon the emphasized sentence and argues that the trial court's failure to orally impose a consecutive sentence at the September 8, 1978, hearing mandates a concurrent term. Appellant ignores the preceding language which makes clear that the determination in question may be made in the defendant's absence up to 60 days after the sentencing hearing. (*People* v. *Ewing* (1961) 198 Cal.App.2d 364, 369 [18 Cal.Rptr. 9].) ■ However, the question remains whether section 669 is satisfied where the sentencing judge signs an abstract of judgment providing for consecutive sentences but does not enter an order providing therefor. We have concluded that it is not. Section 669 provides that "the court shall, in the absence of the defendant...determine how the term of imprisonment...shall run with reference to the prior incompleted term or terms of imprisonment." This language implies an order by the court for consecutive sentences. (See *In re Taube* (1947) 78 Cal.App.2d 142, 144 [177 P.2d 329].) Thus, in *People* v. *Ewing, supra*, 39 days after pronouncement of judgment, the trial court made a nunc pro tunc amendment of the judgment by which the sentence imposed was directed to run consecutively to any other previously imposed sentence. The amendment thus became a part of the original judgment as of the time the latter was pronounced. (*People* v. *Ewing, supra,* at p. 369.)

It is well settled that the abstract of judgment is not the judgment of conviction and it cannot add to or modify the judgment which it purports to digest or summarize. (*People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 14 [109 Cal.Rptr. 627].) The requirement that the trial court express its determination in the form of an order is not a pointless technicality.

Rather, it makes clear that the *court*, not a clerk, has made the requisite determination. Requiring the formality of an order guards against the risk that the clerk may include in the abstract of judgment a consecutive sentence provision and that the judge may sign the abstract without noticing the critical provision thus added. In some instances, the critical provision may be added *after* the judge signs the abstract. The abstract herein does not exclude such a possibility.

In sum, the 60-day period having elapsed without the trial court making or recording the determination in the manner required by section 669, the abstract of judgment must be corrected.

The abstract of judgment is corrected by striking therefrom the following language: "The sentence in this case is to run consecutively with sentence of Fresno County Superior Court case. #214619-9." The trial court is directed to prepare an amended abstract of judgment which reflects this deletion and to furnish the amended abstract of judgment to the Director of Corrections. The Director of Corrections is directed to file the same. In all other respects the judgment is affirmed.

Hopper, J., and Zenovich, J., concurred.