Filed 6/20/13  Jiang v. Liu CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JACK F. JIANG,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>QIAN LIU,<br><br>    Defendant and Respondent. | B244212<br><br>(Los Angeles County<br> Super. Ct. No. KC063603) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert A. Dukes.  Affirmed.

Jack F. Jiang, in pro. per., for Plaintiff and Appellant.

Law Offices of Jie Ci Ding and Jie Ci Ding for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

Plaintiff Jack F. Jiang appeals from the judgment of dismissal entered after the court sustained defendant Qian Liu's demurrer to his complaint, without leave to amend. Because his appellate briefs and appendices suffer various fundamental defects, and fail to adequately address the bases of the claimed errors, plaintiff has not satisfied his burden on appeal. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We are able to glean the following facts from plaintiff's briefs and appellate appendices: On April 17, 2012, plaintiff sued defendant (his ex-wife), asserting causes of action for constructive fraud, deceit, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. The complaint alleged defendant made misrepresentations during the parties' earlier divorce proceeding. Specifically, plaintiff alleged defendant fabricated an appraisal report for real estate in China, and accordingly "misled the court." This, he alleged, resulted in an inequitable division of marital assets.

Defendant demurred, contending the judgment in the divorce is res judicata, barring plaintiff's claims, and that any claim of fraud should have been addressed in the divorce proceeding or in an appeal from that judgment. In opposition, plaintiff contended res judicata was inapplicable. In reply, defendant contended the fraud issue had been raised in the divorce proceeding, and that plaintiff submitted his own evidence of valuation, and therefore, plaintiff was barred from relitigating the division of marital assets. A transcript from the trial in the divorce proceeding, submitted in support of the demurrer, shows plaintiff argued defendant's appraisal was "wrong" and that the appraisers were "liar[s]."

The trial court's tentative ruling on the demurrer concluded "this action is barred by collateral estoppel. The issue presented in the Complaint (whether the Appraisal Consulting Report was fabricated) was already litigated and necessarily decided in the prior divorce proceedings. The court transcript demonstrates that Plaintiff argued in the trial that Defendant's 'appraisal is wrong,'. . . ; Plaintiff submitted his own appraisal of the subject property . . . ; and . . . the court considered [the] difference in the value of the

2

subject property before entering judgment." Accordingly, the trial court's tentative ruling was to sustain the demurrer without leave to amend. Although there is no minute order in the record adopting the tentative as its ruling, an August 15, 2012 notice of ruling prepared by defendant gave notice that the demurrer was sustained without leave to amend. After the notice of ruling on the demurrer was filed and served, *plaintiff* filed a request for dismissal of the entire action, without prejudice. The dismissal was entered by the clerk on October 26, 2012.[1]

It is at this point that plaintiff's appendices become hopelessly confusing. Following the complaint, demurrer, opposition, reply, tentative ruling, and request for dismissal are a bevy of documents, which may or may not have been filed in the divorce proceeding, and according to the superior court's case summary (which was not provided by plaintiff, but procured by this court), were not filed in the case being appealed. Many of these documents bear no file stamps, and many contain no page numbers. Among these documents is a declaration that plaintiff appears to have submitted before trial in the divorce proceeding, contending defendant's appraisal report is "wrong [and] invalid."

---

[1]     Plaintiff did not include the notice of appeal in his appellate appendices. However, the September 24, 2012 notice of appeal was transmitted to this court by the superior court. (Cal. Rules of Court, rule 8.100(e).) Plaintiff's appellate appendices also did not include the trial court's judgment of dismissal. Plaintiff only included in the appendices *his* request for dismissal, without prejudice. Neither a ruling on a demurrer nor a voluntary dismissal is an appealable order. (*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120.) However, we later received a copy of the judgment of dismissal, which was entered on January 31, 2013. Because plaintiff's notice of appeal was filed before the judgment of dismissal, it was premature. However, we may treat a premature appeal from a nonappealable order sustaining a demurrer without leave to amend as an appeal from the subsequent judgment of dismissal. (*Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1353, fn. 5.) We note that plaintiff's voluntary dismissal does not divest this court of jurisdiction over his appeal. (*Bell v. Hummel* (1982) 136 Cal.App.3d 1009, 1015.) Plaintiff did not address any of these jurisdictional issues in his appellate briefs.

There is also a motion for "retrial" dated December 8, 2011, that plaintiff apparently filed after the trial court entered judgment in the divorce action on November 28, 2011.

Plaintiff's table of contents lists the names of various documents with page numbers, but only the pages in the first volume of the appendices are numbered. The second volume contains no page numbers, and consists almost entirely of uncertified reporter's transcripts of proceedings in the divorce case.

Additionally, plaintiff's opening brief contains a "certificate of interested entities or persons," which has numerous Chinese language attachments without certified translations. Plaintiff's brief contends these documents "prove" that defendant provided misleading information during the divorce proceeding. These documents bear dates of October 2011 and November 2011, which predate entry of judgment in the divorce, and defendant's motion for "retrial."

**DISCUSSION**

It appears that plaintiff has attempted to prove the merits of his case on appeal by submitting evidence in support of his claims. Plaintiff's "Statement of Facts" in his opening brief consists largely of arguments about how he was prejudiced in the divorce case by the fraudulent appraisal, with few citations to the appellate appendices. He argues the "ruling granting respondent's demurrer . . . was wrong." He contends "[t]he divorce case trial judge accepted the respondent's asset appraisal report. No [*sic*] this report fraudulent issues were brought up during the trial. Besides, no [*sic*] any evidences [*sic*] about this report fraudulent were available or provided to the court during the trial. [¶] Appellant knew nothing about the respondent's appraisal fraudulent activities or evidences [*sic*] before, during or after the trial until Nov. 15, 2011." Plaintiff's briefs do set out some basic principles of law, but then fail to apply the law to the facts.

As discussed *ante*, plaintiff's appellate appendices, filed in lieu of a clerk's transcript, do not contain the notice of appeal, the judgment of dismissal, or the notice electing to proceed by appendix on appeal. Although we are in possession of these documents, from various sources, it was plaintiff's burden to furnish them, and to have the record augmented to include them. Moreover, the appendices contain numerous

4

extraneous documents of unknown origin which are not file-stamped, and are not in any discernible order.

It is not feasible for us to meaningfully review the trial court proceedings with this record, and therefore, plaintiff's appeal is fatally defective. (Cal. Rules of Court, rules 8.122(b) [appendix must contain the notice of appeal and any order appealed from], 8.124(b) [appendix must contain any item that is "necessary for proper consideration of the issues"], 8.124(b)(1)(C) [appendix must contain the notice of election to proceed by appendix], 8.124(b)(3)(A), (B) [an appendix must *not* contain "documents or portions of documents filed in superior court that are unnecessary for proper consideration of the issues" or "transcripts of oral proceedings that may be designated"], 8.144(a) [the appendix must be arranged chronologically, and the pages numbered], 8.155 [procedure for augmentation of the record on appeal].) It was plaintiff's burden to provide an adequate record on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Altman v. Poole* (1957) 151 Cal.App.2d 589, 593.) This burden was clearly not satisfied.

Moreover, plaintiff's briefs are confusing and do not comply with the California Rules of Court. (See rules 8.204(a) [appellate briefs must include argument and citation to authority and "[p]rovide a summary of the significant facts limited to matters in the record"], 8.204(d) [an appellate brief must not include attachments exceeding 10 pages without leave from the presiding justice].) The briefs consist largely of accusations which are outside the record that was before the trial court. It appears that plaintiff would have this court consider new evidence in ruling on his appeal, without seeking leave from the court. (Rule 8.252(c).) Moreover, few citations to plaintiff's deficient appendices were provided. " 'The reviewing court is not required to make an independent, unassisted study of the record.' [Citation.]" (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.) This rule is the same for self-represented litigants. (*Id.* at p. 523.)

Plaintiff's failure to provide a complete and accurate record and coherent arguments makes meaningful appellate review impossible. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) We therefore treat the issues raised on appeal as waived.

5

To the extent we can discern the issues despite the glaring deficiencies in the appeal, it does not appear to us the trial court erred. A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) When a demurrer is sustained without leave to amend, " 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.' [Citation.]" (*Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 745.) "The plaintiff bears the burden of proving there is a reasonable possibility of amendment." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

Here, the complaint alleges defendant made misrepresentations in the underlying divorce proceeding, and claims marital property was not equitably divided because of the misrepresentations. However, collateral estoppel bars a party from relitigating *any issues* necessarily included in a prior, final judgment. (*Rice v. Crow* (2000) 81 Cal.App.4th 725, 735.) From the materials before this court, it appears plaintiff litigated his fraud claims in the divorce proceedings. He claimed the appraisal was "wrong" and consisted of lies during trial, and again when he sought "retrial" following the final judgment. Moreover, the purported fraud was discovered before the judgment was entered in the divorce, and before plaintiff made his motion for retrial. If the divorce court had erred in ruling on that motion, plaintiff's sole remedy was to file an appeal, not a new case.

## DISPOSITION

The judgment is affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.          RUBIN, J.

6