Filed 4/22/16  G.M. v. V.M. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| G.M.,<br><br>        Plaintiff and Respondent,<br><br>      v.<br><br>V.M.,<br><br>        Defendant and Appellant. | B261921<br><br>(Los Angeles County<br> Super. Ct. No. BH009797) |

APPEAL from the judgment of the Superior Court of Los Angeles County. Scott M. Gordon, Judge.  Affirmed.

Law Offices of Andrew J. Stern and Andrew J. Stern for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

This action arises under the International Child Abduction Remedies Act (ICARA; 22 U.S.C. § 9001 et seq.). ICARA implements the Hague Convention on the Civil Aspects of International Child Abduction (Convention), a treaty to which the United States and Ukraine are contracting states. Appellant V.M. (mother) and G.M. (father) are Ukrainian citizens, and the unmarried parents of D.M. Mother left Ukraine with D.M., with father's permission, but failed to return to Ukraine within the time contemplated by mother's and father's agreement. Father sought the return of D.M. under ICARA, and the trial court ordered D.M. to be returned to father in Ukraine. Mother appeals, contending the trial court erred when it overruled her objections to a declaration in support of the Hague petition filed on father's behalf, in finding that father had custody rights to D.M., and in failing to consider the history of domestic violence between mother and father. We affirm, finding that mother has provided an inadequate record to permit appellate review.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2014, the Los Angeles County District Attorney's Office filed a petition under the Convention and ICARA seeking the return of D.M. to Ukraine, alleging that father gave mother written permission to travel with D.M. from April 20, 2013, until April 20, 2014, but that mother and D.M. did not return to Ukraine by April 20, 2014. Deputy District Attorney Deanne Castorena provided a declaration in support of the petition, averring that her office received a Convention application from Ukraine to locate and return D.M. following mother's "wrongful retention" of D.M. The declaration was signed under penalty of perjury, "that the foregoing is true and correct to the best of my knowledge and belief." Mother lodged objections to the declaration, asserting that it was not based on personal knowledge, and contained hearsay statements.

The trial took place over three days. The trial court overruled mother's objections, and heard testimony from mother and father. The court granted the petition, and ordered D.M. to be returned immediately to father's care in Ukraine. Mother timely appealed.

## DISCUSSION

"The Hague Convention provides a mechanism for the prompt return of a child taken by one parent across international borders in violation of a right of custody. [Citations.] '[It] seeks to deter parents from abducting their children across national borders by limiting the main incentive for international abduction—the forum shopping of custody disputes. [Citation.] A court that receives a petition under the Hague Convention may not resolve the question of who, as between the parents, is best suited to have custody of the child. [Citation.] With a few narrow exceptions, the court must return the abducted child to its country of habitual residence so that the courts of that country can determine custody.' [Citation.] The sole function of an action under the Hague Convention is to determine if the abducted child should be returned to the country of the petitioning (complaining) parent." (*Maurizio R. v. L.C.* (2011) 201 Cal.App.4th 616, 633.)

Under article 13b of the Convention, to be "wrongful," the removal or retention of a child must be both without the other parent's consent and in violation of that parent's custody rights under the law of the state in which the child was a resident before the removal. (*Maurizio R.*, *supra*, 201 Cal.App.4th at p. 622, fn. 2; see also 22 U.S.C. § 9003(e)(1)(A), (f)(2).) "[I]n determining whether a parent exercises rights of custody, ' "the law of the child's habitual residence is invoked in the widest possible sense," and . . . the sources from which custody rights derive are "all those upon which a claim can be based within the context of the legal system concerned." [Citation.]' [Citation.]" (*In re Marriage of Witherspoon* (2007) 155 Cal.App.4th 963, 972-973.) The petitioner has the burden of proving by a preponderance of the evidence that the child has been wrongfully removed or retained. (22 U.S.C. § 9003(e)(1)(A).)

Once it finds that a child has been wrongfully removed or retained, the trial court must order the child returned unless it finds a specified exception applies. Under article 13b of the Convention, the court is not bound to order a child returned if "there is a grave risk that his or her return would expose the child to physical or psychological

3

harm or otherwise place the child in an intolerable situation." The respondent has the burden of proving by clear and convincing evidence that the exception applies. (22 U.S.C. § 9003(e)(2)(A).)

On appeal, interpretation of ICARA and the trial court's application of the Convention to the facts are legal questions, which we review de novo. (*Maurizio R.*, *supra*, 201 Cal.App.4th at p. 634.)

Mother's appeal challenges the sufficiency of the evidence that father had any custodial rights to D.M., and argues that the trial court failed to consider evidence of the history of domestic violence between mother and father. However, mother has failed to provide a reporter's transcript of the trial on the petition, although the trial court's minute orders reflect a court reporter recorded the proceedings. Mother also failed to designate the court's minutes from November 3, 2014, to be included in the record, and a portion of the trial was conducted on this day. The trial court's minutes which are in the record indicate that both mother and father testified at the hearing on the petition, and that father introduced a number of exhibits, including D.M.'s birth certificate, a copy of Ukraine's family code, an agreement for temporary travel, and other documents. It appears that most of these documents were appended as exhibits to the petition, but the trial exhibits were not included in the record on appeal.

Without the reporter's transcript of the trial, we cannot divine what oral evidence was produced by mother and father on the issues raised by mother's appeal.[1] Moreover, we cannot know what exhibits, if any, were introduced on November 3, 2014, as we have not been provided with the court's minutes. It was mother's burden to provide an adequate record to establish prejudicial error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 566; *Altman v. Poole* (1957) 151 Cal.App.2d 589, 593.) "[I]f the record

---

[1]   Mother has included new evidence with her appellate brief, seeking to establish a history of domestic violence between her and father. This evidence was not presented to the trial court. Mother's arguments on appeal must be confined to evidence in the record, and matters outside the record will ordinarily not be considered. (Cal. Rules of Court, rule 8.204(a)(2)(C); *Banning v. Newdow* (2004) 119 Cal.App.4th 438, 453, fn. 6.)

is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051.) To the extent mother challenges the trial court's ruling on her evidentiary objections to the declaration filed in support of the petition, she cannot demonstrate that any error was prejudicial. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.)

## DISPOSITION

The judgment is affirmed.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


FLIER, J.


5