[L.A. No. 30761. Dec. 30, 1977.]

PHIL L. WOOD, Plaintiff and Appellant, v.
ELLING CORPORATION et al., Defendants and Respondents.

356

**COUNSEL**

Miller, Bronn & Brummett, Dennis A. Alekel and Franklin J. Brummett for Plaintiff and Appellant.

Murry Luftig for Defendants and Respondents.

OPINION

MANUEL, J.—Plaintiff Phil L. Wood appeals from a judgment of dismissal[1] entered following the sustaining, without leave to amend, of defendants' general demurrer to his amended complaint on the ground that said complaint was filed after the expiration of the applicable period of limitations.

In April 1971 plaintiff filed an action (SO C 25238) against Walter and Cathryn Wencke, Walter Wencke as trustee for Wenda Kay Wencke and Wayne Karl Wencke, Elling Corporation (a Nevada corporation), Adele, Inc. (a Nevada corporation), and 50 defendants designated by fictitious name. The complaint alleged inter alia that defendants Walter and Cathryn Wencke had defaulted on a promissory note payable to plaintiff and had made fraudulent conveyances of property to persons unknown to plaintiff who were designated as defendants by fictitious name. The prayer requested "judgment against the defendants, and each of them" setting aside the conveyances and awarding plaintiff punitive damages and other relief; it also sought a money judgment against defendants Wencke in a sum exceeding $329,000 plus interest. The names of the two corporate defendants were not mentioned specifically at any point in this original complaint excepting the title, but in January 1972 an amendment was filed alleging that defendants Wencke had fraudulently conveyed certain property to them.

Summons was promptly issued and served upon defendants Wencke but was not served upon Elling Corporation (Elling) and Adele, Inc. (Adele) until June 1974. Elling and Adele thereupon moved that the action be dismissed as to them on the ground that service and return of summons had not been effected as to them within three years after the commencement of the action. (Code Civ. Proc., § 581a.) The motion was denied, but Elling and Adele successfully sought a writ of mandate in the Court of Appeal, and the action was ordered dismissed as to them.[2] That decision is now final. (*Elling Corp.* v. *Superior Court* (1975) 48 Cal.App.3d 89 [123 Cal.Rptr. 734]; hg. den., July 9, 1975.)

---

[1] Plaintiff also purports to appeal from the order sustaining the demurrer. This order being nonappealable (see Code Civ. Proc., § 904.1), the purported appeal therefrom must be dismissed.

[2] This action (SO C 25238) proceeded to trial and judgment has now been entered. That judgment filed June 1, 1977, awards plaintiff against defendants Wencke the sum of $274,400 plus interest on the promissory note, $50,000 attorneys fees, $25,000 punitive damages, and costs of suit. It also sets aside any transfers from the Wenckes or either of

Shortly thereafter, on August 14, 1975, plaintiff brought the instant action (SO C 39672) against the same parties defendant named in the first action—with the exception that Walter Wencke as trustee for Wenda Kay and Wayne Karl Wencke was omitted. The first cause of action, seeking to set aside the alleged fraudulent conveyances to Elling and Adele, was substantially identical to that portion of the amended complaint in SO C 25238 seeking the same relief. The second and third causes of action allege that corporate defendants Elling and Adele are the alter egos of the Wenckes and seek to hold Elling and Adele jointly and severally liable for the personal obligations of the Wenckes; no similar causes of action were stated in the earlier action. Defendants' demurrer to this complaint was ultimately sustained without leave to amend on the ground that all three causes of action were barred by the three-year statute of limitations governing actions for fraud (Code Civ. Proc., § 338, subd. 4). Plaintiff appeals from the ensuing judgment of dismissal.

Relying heavily upon the prior opinion in *Elling Corp.* v. *Superior Court, supra,* 48 Cal.App.3d 89—both as judicial precedent and as the law of the case—plaintiff urges that the trial court erred in holding the action barred by the statute of limitations because the applicable statutory period was tolled from the date of the filing of the first action (SO C 25238) until the date, more than four years later, of the order dismissing Elling and Adele from that action. The contention is based upon the following language in the prior opinion: "[B]y naming a party defendant in an original complaint, the plaintiff stops the running of the statute of limitations; but if the summons is not served and returned within three years, the unserved defendant is entitled to a dismissal. The dismissal is not an adjudication on the merits, and if plaintiff wishes to renew his suit against that defendant he may do so by a new pleading (in the same action or another one), subject to whatever statute of limitation may be applicable at the time the new pleading is filed. These rules are

them as individuals to themselves or either of them as trustee or trustees for Wenda Kay Wencke and/or Wayne Karl Wencke of any of a number of described properties, not including the properties alleged in the instant case to have been the subject of fraudulent conveyances to Elling and Adele.

We note that in its notice of intended decision, filed September 8, 1976, the trial court in SO C 25238 had indicated that it intended to set aside the subject conveyances to Elling and Adele as well. Presumably its ultimate refusal to do so results from its having been made aware of cases holding that the transferee is an indispensable party in an action to declare a transfer void as fraudulent. (See *T W M Homes, Inc.* v. *Atherwood Realty & Inv. Co.* (1963) 214 Cal.App.2d 826, 848 [29 Cal.Rptr. 887]; *Heffernan* v. *Bennett & Armour* (1952) 110 Cal.App.2d 564, 586-587 [243 P.2d 846]; see generally 5 Witkin, Cal. Procedure (2d ed. 1971) pp. 3516-3517.)

derived from the language of the statute and its purpose to encourage promptness in the prosecution of actions. [Citations.]" (*Elling Corp.* v. *Superior Court, supra,* 48 Cal.App.3d at p. 96.) It is urged (1) that the plain meaning of this language indicates that the statute of limitations is tolled from the time of filing to the time of dismissal, and (2) that the Court of Appeal's failure to hold all further actions against the corporate defendants barred by the statute of limitations, in conjunction with its knowledge that the cause of action had accrued more than three years before, constitutes an implied holding that the statute was tolled, which implied holding is now the law of the case.

These contentions are without merit. The language in *Elling* to which plaintiff has reference, while arguably susceptible of the reading which he places upon it, was clearly not intended to convey that meaning. In stating that the plaintiff "stops the running of the statute of limitations" by naming a party defendant in the complaint, the court manifestly intended to indicate that upon the filing of a timely complaint against a named party defendant the statute of limitations is eliminated as a means by which that defendant may ensure prompt prosecution of the claim against him. There remain to him for this purpose, however, the protections afforded by sections 581a and 583 of the Code of Civil Procedure. When those protections operate to bring about a dismissal, the applicability of the pertinent statute of limitations is restored *as if no action had been brought.* (See *Williams* v. *City of Oakland* (1973) 30 Cal.App.3d 64, 69 [106 Cal.Rptr. 101]; *Fleishbein* v. *Western Auto S. Agency* (1937) 19 Cal.App.2d 424, 427 [65 P.2d 928].)[3] In this respect the law of California is consistent with what has been stated to be the rule in the majority of jurisdictions. "In the absence of a statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him . . . ." (51 Am.Jur.2d, Limitation of Actions, § 311, p. 813.)

This rule, of course, is wholly in accord with the policy in favor of the prompt prosecution of legal claims, whereas the proposition advanced by plaintiff might well operate in defiance of that policy.[4] If a timely action

---

[3]The case of *County of Los Angeles* v. *Security Ins. Co.* (1975) 52 Cal.App.3d 808, 816-817 [125 Cal.Rptr. 701], although it does not consider this issue and thus cannot be deemed authority upon it (see *In re Tartar* (1959) 52 Cal.2d 250, 258 [339 P.2d 553]), reaches a result consistent with the rule we here state.

[4]The case of *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839], relied upon by plaintiff, manifestly presents a different situation. We there held that the statute of limitations governing actions for personal injuries was

dismissed without prejudice were, without more, to have the effect of tolling the statute of limitations during the pendency of that action, an indefinite extension of the statutory period—through successive filings and dismissals—might well result.

Equally without merit is plaintiff's suggestion that whatever may be the general rule in this area, the Court of Appeal's failure in *Elling* to hold all further actions against Elling and Adele barred by the statute of limitations—and its suggestion, with full knowledge of the date of the accrual of the cause of action, that a further action would lie "subject to whatever statute of limitation may be applicable at the time the new pleading is filed" (*Elling, supra,* 48 Cal.App.3d at p. 96)—makes it the law of the case that the three-year statute was tolled during the pendency of the first action. ■ "Generally, the doctrine of law of the case [5] does not extend to points of law which might have been but were not presented and determined in the prior appeal. [Citation.] As an exception to the general rule, the doctrine is also held applicable to questions not expressly decided but implicitly decided because they were essential to the decision on the prior appeal." (*Estate of Horman* (1971) 5 Cal.3d 62, 73 [95 Cal.Rptr. 433, 485 P.2d 785].) ■ It is clear, however, that the only questions presented and determined in *Elling Corp.* v. *Superior Court, supra,* related to the running of the three-year period for service and return of summons under Code of Civil Procedure section 581a, and the suggestion that the distinct question of the application of the statute of limitations was "implicitly decided" is contradicted by express language in the opinion.[6]

---

tolled during the pendency of workers' compensation proceedings relating to the same accident because insistence on duplicative parallel filing in these circumstances would impose unnecessary burdens on the parties and the courts without furthering the fundamental policy underlying limitations statutes. (See also *Mize* v. *Reserve Life Ins. Co.* (1975) 48 Cal.App.3d 487 [121 Cal.Rptr. 848].) Here, however, we are concerned not with a burdensome and duplicative filing requirement but with a plaintiff's failure to diligently pursue the sole avenue of legal recourse available to him. The fact that defendant corporations in the instant case might have been afforded actual notice of the pendency of the action through service of process upon the individual codefendants is not relevant to our determination of the issue here presented. Clearly the rule for which plaintiff contends would apply equally without regard to the state of the defendant's actual knowledge.

[5]For purposes of this argument we assume without deciding that the doctrine of the law of the case is available in the peculiar circumstances here present. (See generally 6 Witkin, Cal. Procedure (2d ed. 1971) § 634, pp. 4553-4554; cf. *Davies* v. *Krasna* (1975) 14 Cal.3d 502, 507, fns. 4, 5 [121 Cal.Rptr. 705, 535 P.2d 1161].)

[6]"In this case," the Court of Appeal stated in the penultimate paragraph of its opinion, "as in many others where the three-year limitation [of section 581a] is invoked, it is impossible to determine whether the delay has or will affect the ultimate resolution of

██ Plaintiff next contends that the trial court erred by applying the wrong statute of limitations to the case. The governing statutory period, he urges, is not that set forth in Code of Civil Procedure section 338, subdivision 4, but rather the period prescribed in section 355 of the same code. The latter section provides: "If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff . . . may commence a new action within one year after the reversal." Plaintiff, recognizing that no judgment in his favor had been reversed on appeal at the time of his filing the instant action, nevertheless urges that our decision in *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], requires application of the indicated one-year period in the circumstances of this case.

In *Bollinger* the plaintiff, having sustained a nonsuit in an earlier action for filing suit prematurely under the terms of an insurance policy, immediately brought a second suit on the same cause of action, which suit was subsequently dismissed after demurrer on the ground that the 15-month shortened limitation period of the policy had expired. We reversed, holding that although the specific terms of section 355 did not render the statutory limitation period applicable to the case before the court, that period should nevertheless be held to apply (rendering the second action timely) because (1) the trial court had erroneously granted the initial nonsuit, (2) dilatory tactics on the part of the defendant had prevented disposition of the first action in time to permit a second filing within the 15-month period, and (3) plaintiff had at all times proceeded in a diligent manner. "Under the circumstances," we held, "it would be a perversion of the policy of the statute of limitations to deny a trial on the merits." (25 Cal.2d at p. 406.)

Later decisions of this court have made it clear that the concurrence of the three factors present in *Bollinger* is essential to an application of the rule stated therein. Thus, in *Neff* v. *New York Life Ins. Co.* (1947) 30 Cal.2d 165 [180 P.2d 900, 171 A.L.R. 563], indicating that *Bollinger* involved "a peculiar sequence of events deemed to be of controlling importance" (*id.,* at p. 174), we declined to apply it on the basis, inter alia, that the defendant there had not been guilty of deceptive or dilatory tactics. Similarly in *Tannhauser* v. *Adams* (1947) 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], where the first action had been dismissed for want

the merits of the case. The salutary purpose of the three-year limit [of section 581a] requires that it be applied without examination of the merits of the cause of action *and the defenses of the moving defendant.*" (*Elling Corp.* v. *Superior Court, supra,* 48 Cal.App.3d 89, 98, italics added.)

of prosecution, we unanimously held *Bollinger* to be inapplicable. "In the *Bollinger* case," we said, "the opinion states that plaintiff . . . 'brought his [first] action . . . in good time and *diligently pursued it*' (italics added) but 'through error of the trial court [in the first action] was not allowed to proceed to trial.' Here the two actions do involve 'the same parties, facts [except those occurring subsequent to filing of the first action], and cause of action,' but there the similarity ends. The first action brought by this plaintiff was not diligently pursued; it was dismissed for want of prosecution; plaintiff failed to secure a trial on the merits in that action not because of error of the court but because of his own (or his then attorney's) neglect. We are satisfied that the pleaded statute . . . is available to defendant and that it bars plaintiff's claim." (31 Cal.2d at pp. 177-178.) (See also *Stuckman* v. *Woodhull* (1959) 170 Cal.App.2d 424, 426-427 [338 P.2d 934].)

It is contended that the indicated distinctions should not be utilized to defeat the application of section 355 to this case because here, unlike in *Tannhauser,* the first action was diligently pursued by plaintiff as to defendants other than the Elling and Adele corporations, who are alleged to occupy an alter ego relationship with those corporations. Thus, it is urged, the purpose of notification was served and "a perversion of the policy of the statute of limitation[s]" (*Bollinger, supra,* 25 Cal.2d at p. 406) would result if trial against the corporate defendants were precluded. We do not agree. To permit a *Bollinger*-type application of section 355 in these circumstances would permit a plaintiff to impair the credit of a corporate defendant for an indefinite period of time while pursuing the action against other defendants alleged to be its controlling principals by the expedient of failing to serve the corporation and renewing the action after each section 581a dismissal. This, we hold, would be wholly inconsistent with the broad policy underlying all statutes of limitations. ▮ "Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." (*Telegraphers* v. *Ry. Express Agency* (1944) 321 U.S. 342, 348 [88 L.Ed. 788, 792, 64 S.Ct. 582].)[7]

---

[7]To the extent they are inconsistent herewith, the cases of *Miranda* v. *Great Southwest Fire Ins. Co.* (1975) 50 Cal.App.3d 492 [123 Cal.Rptr. 357], and *Schneider* v. *Schimmels* (1967) 256 Cal.App.2d 366 [64 Cal.Rptr. 273], are disapproved.

 Plaintiff finally urges that even if his cause of action seeking to set aside the alleged fraudulent conveyances to the Elling and Adele corporations is barred by the three-year statute of limitations, the trial court erred in holding that his second and third causes of action—i.e., those seeking to establish Elling and Adele as alter egos of defendants Wencke and hold them jointly and severally liable for the obligations of the latter—were also barred by the same statute. These causes of action, plaintiff asserts, did not seek to set aside allegedly fraudulent conveyances but merely sought a declaration that the corporate existences of Elling and Adele should be disregarded for the purpose of ascertaining their liability for obligations of the individual defendants. In support of this contention plaintiff cites the case of *Taylor* v. *Newton* (1953) 117 Cal.App.2d 752 [257 P.2d 68], wherein it was held that the three-year statute of limitations applicable to actions to set aside fraudulent conveyances did not apply to an action to enforce a prior judgment rendered against an individual out of the assets of a corporation owned and controlled by him and alleged to be his alter ego formed to elude the claims of creditors.

In order to properly assess this contention we must briefly review the allegations made in the second and third causes of action. The second, after incorporating by reference the allegations of the first cause of action (seeking to set aside the allegedly fraudulent conveyances), alleges inter alia that Elling was incorporated in 1969 and the Wenckes compose all of its officers and directors; that in 1969 the Wenckes transferred certain described real properties, including their home, to Elling, said transfers occurring less than 10 months before the Wenckes' obligations on a $275,000 promissory note to plaintiff (i.e., the note described in the first cause of action and directly in question in action SO C 25238—see fn. 2, *ante,* and accompanying text) became due; that in consideration for the conveyance Elling issued shares which now constitute all of its outstanding stock not to the Wenckes but to a trust set up for their minor children of which Walter Wencke is trustee; that "there exists a unity of interest and ownership" between the Wenckes and Elling; that Elling was organized and incorporated in bad faith and for the purpose of shielding the Wenckes from their creditors, including plaintiff, and is controlled and managed solely by them for their own personal benefit and use; and that adherence to the fiction of separate existence between the Wenckes and Elling would sanction fraud and promote injustice.

The third cause of action relates a similar scenario. It alleges inter alia that Adele, Inc. was incorporated in 1970 and that the Wenckes and

Adele Wencke, Walter Wencke's mother, compose all of its officers and directors; that in 1970 the Wenckes transferred certain described real properties to Adele, reserving a life estate in Adele Wencke; that this transfer was made less than one month before the Wenckes' obligations on the aforesaid promissory note became due; that in consideration for the conveyance Adele, Inc. issued shares which now constitute all of its outstanding stock not to the Wenckes or to Adele Wencke but to a trust created by Adele Wencke for the benefit of the minor children of the Wenckes and herself, Walter and Cathryn Wencke being the trustees of said trust; that "there exists a unity of interest and ownership" between the Wenckes and Adele, Inc.; that Adele, Inc. was organized and incorporated in bad faith and for the purpose of shielding the Wenckes from their creditors, including plaintiff, and is controlled and managed solely by them for their own personal benefit and use; and that adherence to the corporate fiction would sanction fraud and promote injustice.

The distinctions between *Taylor* v. *Newton, supra,* 117 Cal.App.2d 752, and the instant case are manifest. There the three-year statute was held inapplicable because the action was simply an effort by the judgment creditor to satisfy a prior judgment against a debtor out of the assets of a corporation wholly owned and controlled by the latter. "Appellants seem to assume," the court there stated, "that the instant action is one to set aside a fraudulent conveyance but, as respondent correctly points out, she is not seeking to set aside any transfer, fraudulent or otherwise, but is merely seeking to have the fictitious identity of appellant corporation disregarded, and hence sections 337, 338, and 343 [of the Code of Civil Procedure] have no application here as the action is based on a 1948 judgment by plaintiff [respondent] against appellant . . . ." (117 Cal.App.2d at p. 757.) Here, on the other hand, recourse is sought against Elling and Adele not as wholly owned extensions of defendants' legal personalities but solely as the transferees of fraudulent convey-ances. ▉ ▉▉▉ ▉ ▉▉▉ Although the complaint contains general allegations that there exists a "unity of interest and ownership" between the Wenckes and the corporate transferees, and that the latter are controlled and managed by the Wenckes for their own personal use and benefit, the specific allegations of the complaint[8] clearly indicate that they have no *ownership* interest in them—such ownership residing wholly

---

[8]"Where there is any inconsistency between the specific allegations upon which a conclusion must be based and the conclusion, the specific allegations control." (*Stowe* v. *Fritzie Hotels, Inc.* (1955) 44 Cal.2d 416, 422 [282 P.2d 890]; see generally 3 Witkin, Cal. Procedure, *supra,* pp. 2006-2007, and cases there cited.)

in the two trusts created by the Wenckes for the benefit of their children and Adele Wencke.[9] In view of this the trial court did not err in sustaining the demurrer to the second and third causes of action, as well as the first, on the basis of the provisions of Code of Civil Procedure section 338, subdivision 4.

In the circumstances of this case, however, we believe that plaintiff should have been given the opportunity to further amend his complaint. If it were alleged and proven that the two trusts in question were *themselves* alter egos of the Wenckes, those trusts would essentially drop out as independent legal entities, and the general allegations relating to interest and ownership would find support in specific allegations consistent with the specific allegations presently appearing in the complaint. Our review of the record in this case leads us to believe that plaintiff may be able to make and support such further allegations; he should be given the opportunity to do so.

If in the course of further proceedings it appears that plaintiff can and wishes to make the amendment above indicated, we believe that the trial court, in order to insure protection of the beneficiaries of the subject trusts, should, after appointing an independent guardian ad litem to act on their behalf if necessary,[10] allow them to intervene in the action.

We do not now undertake to speculate upon the ultimate effect which our decision today will have upon plaintiff's ability to enforce the judgment obtained by him in action SO C 25238 (see fn. 2, *ante*). It may well be that plaintiff's oversight in failing to serve timely summons upon the corporate defendants within three years of the commencement of the action will prove fatal to his ability to have recourse to the real property assets of Elling and Adele for the satisfaction of that judgment. This possibility, however, while perhaps unfortunate in the apparent factual

---

[9]"Before the acts and obligations of a corporation can be legally recognized as those of a particular person, and *vice versa*, the following combination of circumstances must be made to appear: First, that the corporation is not only influenced and governed by that person, *but that there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased*; second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice." (*Minifie* v. *Rowley* (1921) 187 Cal. 481, 487 [202 P. 673], italics added.) (See generally 6 Witkin, Summary of Cal. Law (8th ed. 1974) Corporations, § 6, pp. 4318-4319.)

[10]It appears that Wenda Kay Wencke and Wayne Karl Wencke may have reached the age of majority by the time this matter is scheduled for further proceedings.

context here involved, cannot cause us to deviate from what we deem to be a proper and evenhanded application of existing law in light of the policies underlying it.

The purported appeal from the order sustaining the demurrer is dismissed. The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with the views expressed herein. The parties shall bear their own costs.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Jefferson, J.,* concurred.

Appellant's petition for a rehearing was denied February 16, 1978.

---

*Assigned by the Chairperson of the Judicial Council.