Peymon MOTTAHEDEH, Plaintiff—Appellant,

v.

CITY OF LOS ANGELES; et al., Defendants—Appellees.

No. 01–56537.

D.C. No. CV–00–00245–DOC.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 17, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Peymon Mottahedeh appeals pro se the district court's orders dismissing his claims alleging violations of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO") in connection with the impounding of his car. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999), and may affirm on any basis fairly supported by the record, *Beezley v. Fremont Indem. Co.,* 804 F.2d 530, 530 n. 1 (9th Cir.1986) (per curiam). We affirm.

The district court properly dismissed Mottahedeh's section 1983 claims as time-barred. *See Torres v. City of Santa Ana,* 108 F.3d 224, 226 (9th Cir.1997) (applying California's personal injury one-year statute of limitation and tolling provisions to section 1983 claim); *Wood v. Elling Corp.,* 20 Cal.3d 353, 142 Cal.Rptr. 696, 572 P.2d 755, 757–58 (Cal.1977) (explaining that statute of limitations is not tolled during pendency of action dismissed for failure to prosecute).

We affirm the district court's dismissal of Mottahedeh's state law claim against All City Tow because that claim was also time-barred. *See Cantu v. Resolution Trust Corp.,* 4 Cal.App.4th 857, 889, 6 Cal. Rptr.2d 151 (Cal.Ct.App.1992) (applying one-year statute of limitation to intentional infliction of emotional distress claim).

The district court properly dismissed Mottahedeh's RICO claims because Mottahedeh failed to allege conduct of an enterprise affecting interstate commerce through a pattern of racketeering activity

that caused injury to his business or property. *See Ove v. Gwinn,* 264 F.3d 817, 825 (9th Cir.2001).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

