Carole **MARASOVIC, individually and as administrator of the estate of Elizabeth L. Marasovic, Plaintiff–Appellant,**

v.

**CONTRA COSTA COUNTY ADULT PROTECTIVE SERVICES; et al., Defendants–Appellees.**

No. 06–15579.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Carole Marasovic, Berkeley, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Janet L. Holmes, Office of County Counsel, Martinez, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Carole Marasovic appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's decision whether to apply equitable tolling is reviewed for abuse of discretion. *See Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004). We affirm.

The district court correctly determined that Marasovic was not entitled to equitable tolling of the statute of limitations, because she did not diligently pursue her initial action against the defendants. *See Wood v. Elling Corp.,* 20 Cal.3d 353, 142 Cal.Rptr. 696, 572 P.2d 755, 758 (1977) ("[A] party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed...."); *Hull v. Central Pathology Serv. Med. Clinic,* 28 Cal.App.4th 1328, 34 Cal.Rptr.2d 175, 180 (1994) (holding that statute of limitations was not equitably tolled because plaintiff did not diligently pursue claims).

Marasovic's equitable estoppel claim fails because she did not claim that opposing counsel intentionally misled her. *See City of Goleta v. Superior Court,* 40 Cal.4th 270, 52 Cal.Rptr.3d 114, 147 P.3d 1037, 1042 (2006) ("[The doctrine of equitable estoppel] provides that a person may not deny the existence of a state of facts if he intentionally led another to believe a particular circumstance to be true and to rely upon such belief to his detriment.") (quotation marks and citation omitted).

We do not consider Marasovic's argument concerning her former counsel's role in failing to prosecute her initial federal action, because Marasovic did not raise that argument in the district court. *See Scott v. Ross,* 140 F.3d 1275, 1283 (9th Cir.1998) ("Generally, we do not consider issues raised for the first time on appeal.")

Marasovic's motion to file a late reply brief is granted. The Clerk shall file the reply brief received on March 26, 2007. We have considered the arguments raised on reply and find them unpersuasive. Appellant's motions to supplement the record and for judicial notice are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.