Dan WHITNEY; Janet Hadley; Eric Brelle; Margaret A. Kornow–Brown, Plaintiffs–Appellants,

v.

William A. ARNTZ, Defendant–Appellee.

No. 07–16659.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2009.

Filed April 2, 2009.

David R. Beck, Esquire, Beck & Mathiesen, APC, Santa Cruz, CA, for Plaintiffs–Appellants.

Brian Baker, Esquire, Long Beach, CA, Robert Burmeister, Esquire, Law Offices, Redwood City, CA, Jeffrey S. Kravitz, Esquire, Fox Rothschild, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

### MEMORANDUM *

Whitney, Hadley, Brelle and Kornow–Brown (collectively, Whitney) appeal from the district court's summary judgment for Arntz. The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Whitney argues that the district court erred in holding that there is no genuine issue of material fact that could cause Arntz to be held liable for certain debts and obligations as an alter ego of Veriscape, Inc. (Veriscape). This case is before the court under its diversity jurisdiction; therefore, the substantive law of the forum state, California, controls. *See Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 93 (9th Cir.1988). The district court incorrectly applied federal substantive law on alter ego liability rather than California law. Under California law, alter ego liability may be imposed where (1) "there is such a unity of interest and ownership that the individuality, or separateness, of the [defendant] and corporation has ceased;" and (2) "the facts are such that an adherence to the fiction of the separate existence of the corporation would ... sanction a fraud or promote injustice." *Wood v. Elling Corp.*, 20 Cal.3d 353, 142 Cal.Rptr. 696, 572 P.2d 755, 761 n. 9 (1977) (quotation marks and citation omitted). These elements are substantially similar to federal substantive law on alter ego liability. *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 769 n. 3 (9th Cir.1992).

■ First, Whitney did not set forth adequate evidence to create a genuine issue of material fact as to whether the requisite unity of interest and ownership between Veriscape and Arntz existed. *See*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*RRX Indus., Inc. v. Lab-Con, Inc.,* 772 F.2d 543, 545–46 (9th Cir.1985) (applying California law). There is no evidence that Arntz commingled Veriscape's funds with his own or treated the assets of the corporation as his own, and he was not affiliated with Veriscape when the alleged initial inadequate capitalization took place. *See Minton v. Cavaney,* 56 Cal.2d 576, 15 Cal. Rptr. 641, 364 P.2d 473, 475 (1961).

■ Second, Whitney did not present evidence that Arntz used the corporate form to commit fraud, and recognizing Veriscape's identity as separate from Arntz does not work an injustice. *See Sonora Diamond Corp. v. Sup. Court,* 83 Cal.App.4th 523, 99 Cal.Rptr.2d 824, 836 (2000) (to invoke alter ego liability, the corporate form must be used to perpetuate a fraud or injustice must flow from recognition of the separate corporate entity). Whitney's difficulty in collecting salaries and commissions allegedly owed by Veriscape is inadequate to constitute fraud or injustice. *See id.* at 837. Whitney argues that recognizing the corporate form would sanction a fraud because Veriscape allegedly repudiated employment agreements. This allegation is against Veriscape, not Arntz as an alter ego of Veriscape, and Whitney did not present other evidence that the corporate form was misused to perpetrate a fraud.

Although the district court mistakenly analyzed this case under federal substantive law, we may affirm on any ground supported by the record. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039 n. 3 (9th Cir.2008). Whitney did not present evidence to create a genuine issue of material fact as to whether, under California law,

Arntz could be held liable as an alter ego of Veriscape.

**AFFIRMED.**