Affirmed by unpublished opinion. Judge DUNCAN wrote the opinion, in which Judge KEENAN concurred. Judge WYNN wrote a separate opinion dissenting in part.
Unpublished opinions are not binding precedent in this circuit.
DUNCAN, Circuit Judge:
Appellant Dawn Flores[1] appeals from the district court’s denial of her motion to remand to California state court, dismissal of her action without prejudice, and denial of her motion to reconsider the dismissal and reinstate the action. Flores contends that the district court lacked subject matter jurisdiction because her complaint alleged a viable cause of action against non-diverse defendants and that it abused its discretion by dismissing her case for failure to comply with a scheduling order. For the reasons that follow we affirm.
I.
On December 29, 2003, Flores underwent surgery at St. Mary' Medical Center in Long Beach, California to implant in her pelvic cavity a transvaginal mesh sling produced and distributed by Ethicon, Inc. and Johnson & Johnson (“J & J”). The mesh device was implanted by Dr. Steven A. Scheuer, a member of Greater Long Beach Genito-Urinary Medical Group, Inc. (“GLBG”), to treat Flores’s stress urinary incontinence. During the life of the implant, which was removed on July 21, 2011, Flores developed pelvic infections, hematu-ria, and necrosis which she alleges resulted from the erosion of the mesh into adjacent pelvic organs.
On March 14, 2012, Flores initiated this action in the Superior Court of Los Ange-les County, California against Ethicon and J & J, New Jersey corporations, and Scheuer, GLBG, and Dignity Health d/b/a St. Mary Medical Center, California residents and entities.[2] Flores’s complaint raises claims of negligence, strict products liability, breach of warranty, and loss of consortium. On May 10, 2012, Ethicon and J & J removed the action to the Central District of California contending that the California defendants were fraudulently joined and that the district court *268 therefore possessed subject-matter jurisdiction to hear the case. Flores filed a timely motion to remand on May 24, 2012.
On May 30, 2012, the Judicial Panel on Multi-District Litigation transferred Flores’s action to the Southern District of West Virginia and consolidated it with thousands of similar cases against Ethicon (the “MDL”). Flores’s motion to remand remained pending before the district court. On October 4, 2012, the district court entered Pretrial Order 17, requiring all MDL plaintiffs to submit an abbreviated Plaintiff Profile Form (“PPF”) containing preliminary interrogatory responses, including medical information, by December 3, 2012. Order 17, whose terms were agreed upon by lead counsel for the MDL plaintiffs and defense counsel, provides that “[i]f a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiffs case without first resorting to [this Order’s] deficiency cure procedures.” J.A. 281.
Flores did not submit a timely PPF. On December 28, 2012, Ethicon moved to dismiss Flores’s case with prejudice for failure to comply with Order 17. Flores contended in opposition that she was reasonably concerned that filing the PPF would waive her right to remand. On April 10, 2013, the district court denied Flores’ motion to remand, holding that the California defendants were fraudulently joined because there was no possibility that Flores could prevail against them in state court on any cause of action raised in her complaint. On May 20, 2013, the district court granted Ethicon’s motion in part, dismissing Flores’s case without prejudice for her ongoing failure to submit a PPF. Flores filed a motion to reconsider the dismissal and reinstate her action which the district court argument on appeal, Flores had never submitted a PPF.[3]
II.
We review “questions of subject matter jurisdiction de novo, ‘including those relating to the propriety of removal.’ ” Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir.2005) (quoting Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir.1999)). The party seeking removal bears the burden of establishing jurisdiction and we construe removal jurisdiction strictly. Id. “If federal jurisdiction is doubtful, a remand is necessary.” Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994).
We review for abuse of discretion the imposition of sanctions for violation of a scheduling or discovery order. See Fed.R.Civ.P. 16(f); Rabb v. Amatex Corp., 769 F.2d 996, 999-1000 (4th Cir.1985). We review the denial of a Rule 59(e) motion for abuse of discretion. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir.2010). “A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recog *269 nized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law.” United States v. Delfino, 510 F.3d 468, 470 (4th Cir.2007).
III.
The district court denied remand on the ground that the California defendants, Scheuer, GLBG, and St. Mary Medical Center, were fraudulently joined because there was no possibility that Flores could prevail on any of her claims against them in state court. On appeal Flores contends only that she alleged a cognizable claim against the California defendants for negligent failure to warn.
Under the fraudulent joinder doctrine, a district court may “disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.” Mayes, 198 F.3d at 461. To establish that a defendant has been fraudulently joined, “the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiffs pleading of jurisdictional facts.” Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir.1993) (internal quotation marks omitted).
The burden of showing no possibility of relief is heavy. The removing party “must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiffs favor.” Id. at 232-33. The standard is “even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6).” Hartley v. CSX Transport, Inc., 187 F.3d 422, 424 (4th Cir.1999). In fact, “ ‘there need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder.” Mayes, 198 F.3d at 464 (quoting Hartley, 187 F.3d at 426).
Contrary to Flores’s contention, we are only permitted, not required, to look beyond the complaint to determine the propriety of removal. Hartley, 187 F.3d at 426 (“[T]he court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.” (emphasis added)). While the vast majority of decisions in this Circuit review the entire record, and as a consequence, fraudulent joinder is typically only found in cases of legal impossibility, that analysis produces the exact result that the doctrine intends to prevent in a case such as this. Where a complaint is so inadequate and the record so entirely lacking in factual support that we can only reasonably conclude that the non-diverse defendants were added to defeat jurisdiction, analysis of the entire record works an injustice on the removing party.
The extent of Flores’s allegations against the California defendants is an assertion that all of the defendants, diverse and non-diverse, “were negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging, supplying and selling the Product.” J.A. 32. The complaint contains no allegations of specific actions by the California defendants that fell below a standard of reasonable care. The only theory of liability that Flores maintains on appeal, negligent failure to warn, is not alleged in the complaint and was never argued before the district court. Flores’ only reason for raising it now is the district court’s creation and rejection of that argument in its order denying remand. It is unsurprising then that the complaint fails to allege two necessary elements of that theory, that the California defendants knew or should have *270 known of the dangers of the mesh implant and that consequently their failure to warn Flores was unreasonable, in even a conclusory manner. See Carlin v. Superior Court, 13 Cal.4th 1104, 56 Cal.Rptr.2d 162, 920 P.2d 1847, 1351-52 (1996). Moreover, there are no factual allegations in the complaint which would allow a court to reasonably infer such knowledge and no factual basis in the record for Flores to make such allegations, a fact which she admits repeatedly. Appellants’ Br. 25[4], 28[5].
Contrary to Flores’s assertion, California is a fact pleading state. A complaint must “state[ ] facts sufficient to constitute a cause of action” when it is given “a reasonable interpretation, reading it as a whole and its parts in their context.” City of Dinuba v. County of Tulare, 41 Cal.4th 859, 62 Cal.Rptr.3d 614, 161 P.3d 1168, 1171 (2007). Unlike in a notice pleading state, when assessing the sufficiency of the complaint, California courts assume the truth of “all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law.” Id. As articulated above, Flores has not alleged any facts, or for that matter any sufficient conclusions of law, that would allow a court to reasonably infer negligence of any kind on the part of the California defendants.[6] Therefore on the complaint as pled, even when all facts and reasonable inferences are viewed in the light most favorable to Flores, there is no possibility that she could prevail in state court against the California defendants on her claim of negligent failure to warn. Because negligent failure to warn is the only cause of action before us on appeal, the district court’s denial of Flores’s motion to remand is affirmed.
IV.
Flores also appeals the district court’s dismissal of her case without prejudice in accordance with Case Management Order 17.[7] Flores does not contend that the district court’s decision was inconsistent with Order 17 or that she ever complied with the Order by filing a PPF. She argues that she was substantially justified in not complying with Order 17.[8] This argument is meritless.
*271 Flores contends that she did not comply with the Order because she was reasonably concerned that doing so would constitute an affirmative act that would deprive her of her right to remand. Her argument appears to conflate the doctrines of subject-matter and personal jurisdiction. Flores did not challenge the district court’s exercise of personal jurisdiction. Her motion for remand rested entirely on an assertion that the non-diverse defendants were properly joined and that the district court therefore lacked subject-matter jurisdiction. It is a central premise of American jurisprudence that federal courts are courts of limited jurisdiction and that “ ‘[n]o action of the parties can confer subject-matter jurisdiction upon a federal court.’ ” Orquera v. Ashcroft, 357 F.3d 413, 416 (4th Cir.2003) (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). Because any reasonable diligence on Flores’s part would have revealed that her concern was unfounded, her refusal to comply with Order 17 was willful and unreasonable. Moreover, the district court did not rule on Ethicon’s motion to dismiss until 40 days after it denied Flores’s motion to remand. Therefore, even if her jurisdictional concern had originally had merit she was given ample time to come into compliance with the district court’s Order after that concern was removed.
The district court did not abuse its discretion by dismissing Flores’s case in accordance with the procedures of Order 17 as a result of her unjustified refusal to comply,[9] and its dismissal without prejudice is therefore affirmed.
V.
Finally, Flores appeals the district court’s denial of her motion for reconsideration of its dismissal.[10] Flores makes only unsupported, conclusory assertions that she satisfied the requirements of Federal Rule of Civil Procedure 59(e) by presenting new evidence after dismissal and by alleging that dismissal would result in manifest injustice.[11] The district court’s denial of her motion is therefore affirmed.
*272 VI.
For the foregoing reasons, the district court’s denial of Flores’s motion to remand, dismissal of her case without prejudice, and denial of her motion for reconsideration and reinstatement are

AFFIRMED.

. Dawn Flores's husband, Alfred Flores, is also an appellant but because all of his claims are derivative of hers, for convenience we refer to only Mrs. Flores throughout.

. Flores also names "Does 1-100” but the citizenship of fictitious parties is not relevant for purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(b).

. Prior to filing her appeal in this action, Flores initiated a second action raising the same claims against the same defendants in California Superior Court. We raised the question of whether this later action rendered the appeal before us moot. The parties agree, and we now hold, that Flores’s appeal is not mooted by her pending state court action because she has a continuing cognizable interest in the outcome of the appeal. Specifically, if we affirm the dismissal of Flores’s first case, the statute of limitations may not be tolled in relation to her later filed case, see Wood v. Elling Corp., 20 Cal.3d 353, 142 Cal.Rptr. 696, 572 P.2d 755, 758 (1977), and she would then be susceptible to a statute of limitations defense. We are persuaded by the First Circuit’s rule that a cognizable interest in the earlier filed case persists in such circumstances. See Patriot Cinemas, Inc. v. General Cinemas Corp., 834 F.2d 208, 215-16 (1st Cir.1987).

. "Were the California defendants among the health care providers who reported the risks associated with the implanted mesh? Were they aware of other health care providers who reported the risks? We simply do not know at this point in the litigation.”

. "At this point, since there has been no discovery, it is not known what the California residents knew at the time of implantation.”; "Similarly, it is not now known whether the California resident defendants, at some point after implantation, learned of the risks associated with implanted transvaginal mesh.”.

. Flores also argues that she should have been allowed to amend her complaint to allege the necessary facts. Flores has admitted that she does not possess such facts, and in any case she has waived this argument by raising it for the first time on appeal. See United States v. Evans, 404 F.3d 227, 236 n. 5 (4th Cir.2005).

. To the extent that there is a question regarding our jurisdiction to consider this dismissal on appeal, the general rule in this Circuit is that dismissal of an action without prejudice is final and appealable while dismissal of a complaint without prejudice is not because a saving amendment is usually possible. See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union, 392, 10 F.3d 1064, 1066-67 (4th Cir.1993). The district court’s order explicitly dismissed Flores’s case as a whole.

. Flores also argues on appeal that the district court’s dismissal was an abuse of discretion because 1) Order 17 violates due process and the Federal Rules of Civil Procedure, 2) dismissal violates Federal Rule of Civil Procedure 11 and Multi-District Litigation Manual Rule 10.15, 3) the court impermissibly failed to warn Flores or impose lesser sanctions prior to dismissal, and 4) Ethicon did not demonstrate substantial prejudice as a result of Flores’s failure to comply with Order 17. *271 Flores had the opportunity to raise these arguments in both her response to Ethicon's motion to dismiss and in her motion for reconsideration but she failed to do so and they are therefore waived. Evans, 404 F.3d at 236 n. 5. Flores arguably raised the lack of substantial prejudice to Ethicon in her Rule 59(e) reply, but arguments raised for the first time in Rule 59 motions are also generally considered waived. Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir.1999).

.Flores argued in her Rule 59(e) motion that although she failed to submit a PPF, her submission of a different noncompliant document after the entry of the dismissal without prejudice satisfied the underlying informational needs of the defendants. Her claim that the dismissal was therefore an abuse of discretion is unavailing. The requirements of, and penalties associated with, Order 17 are plain, and Flores had numerous opportunities to file a PPF to cure the defect. The district court was under no obligation to accept any submission in place of a timely-filed PPF, and its decision to enforce Order 17 in light of Flores’s willful refusal to comply was well within its discretion.

. Flores contends on appeal that she satisfied the requirements for relief under both Rule 29 and Rule 59. However, Flores did not move the district court for relief under Rule 29 so that argument is waived. Evans, 404 F.3d at 236 n. 5.

. A Rule 59(e) motion “may only be granted in three situations: ‘(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.' ” Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir.2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir.2007)).