NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF BETTY GOLDBERG, DECEASED, by and through their successor in interest, Daniel Rubin; ESTATE OF AL GOLDBERG, DECEASED, by and through their successor in interest, Daniel Rubin, | No.   16-56297 |
| | D.C. No. 5:14-cv-01872-DSF-AFM |
| Plaintiffs-counter-defendants-Appellants, | |
| v. | MEMORANDUM* |
| GOSS-JEWETT COMPANY, INC., AKA Tri-County Sales, Inc.; et al., | |
| Defendants-cross-defendants-Appellees, | |
| ESTATE OF ROBERT W. SCHACK, Deceased; et al., | |
| Defendants-cross-claimants-Appellees, | |
| VIGILANT INSURANCE COMPANY; et al., | |
| Intervenors-Appellees, | |
| DONALD J. GEORGE, | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-counter-claimant-Appellee,

v.

PACIFIC ENGINEERING ASSOCIATES, INC.,

Third-party-defendant-counter-claimant-Appellee,

CLAY SCOTT BRADFIELD,

Third-party-defendant-cross-claimant-Appellee,

v.

ST. PAUL CLEANERS & LAUNDRY, INC.; et al.,

Third-party-defendant-Appellees.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 7, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

[**] The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

The Estates of Betty and Al Goldberg, through Daniel Rubin, appeal the district court's orders dismissing some of their claims and granting summary judgment on the remainder. The claims were brought under California and federal law against Defendants for allegedly contaminating the Goldbergs' property with toxic dry-cleaning fluid. We affirm in part, reverse in part, and remand.

1. The district court properly dismissed the claims for waste, negligence, ultrahazardous activity, unfair competition, and breach of lease as barred by the statutes of limitations. The complaint recognizes that these claims arose by 1994 and tries to assert eligibility for equitable tolling. But even liberally construed the complaint does not "adequately allege[] facts showing the *potential* applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) (emphasis in original). The 17-year pendency of the Goldbergs' 1994 lawsuit could warrant equitable tolling only if that prior case was erroneously dismissed. *See Wood v. Elling Corp.*, 572 P.2d 755, 759 (Cal. 1977). But the complaint merely pleads a "conclusory allegation[] of law" that the action was erroneously dismissed. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). Nor are there any factual allegations to invoke the "continuing *violation*" doctrine. *See LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1118 (9th Cir. 1986) (emphasis added). The record shows that amendment would be futile because the 1994 action was properly dismissed for

3

failure to prosecute.

2. The district court committed a harmless error when it dismissed the trespass claim as barred by laches. *See* 28 U.S.C. § 2111. California case law suggests that laches can bar a trespass claim. *See Pac. Hills Homeowners Ass'n v. Prun*, 73 Cal. Rptr. 3d 653, 658 (Cal. Ct. App. 2008). The district court purported to apply laches here based on "judicially noticeable facts" that it found in dismissing the 1994 action. That was in error; the court could not take judicial notice of its prior order "for the truth of the facts recited therein." *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). However, this error was harmless because the district court effectively treated the motions to dismiss as motions for summary judgment. *See* Fed. R. Civ. P. 12(d). Defendants' motions relied on their prior submissions of evidence, putting the Goldberg Estates on notice that the court would look beyond the pleadings. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). And the prior proceeding on dismissing the 1994 action presented a "reasonable opportunity" for the Goldberg Estates to marshal their best evidence to justify their delay and rebut Defendants' claims of prejudice. Fed. R. Civ. P. 12(d). Viewing the motions to dismiss as having been converted to summary judgment motions once Defendants' evidence was considered, there was no genuine issue of material fact to preclude dismissal of the trespass claim because of laches. *See* Fed. R. Civ. P. 56.

4

3. The district court erred in dismissing the public nuisance claim as barred by laches. Several California courts have held that when environmental harm to the public is alleged, as it is here, laches cannot bar a public nuisance claim. *See, e.g.*, *Wade v. Campbell*, 19 Cal. Rptr. 173, 177 (Cal. Ct. App. 1962); *City of Turlock v. Bristow*, 284 P. 962, 965 (Cal. Ct. App. 1930). But these cases do not speak to private nuisance claims, so the private nuisance claim was properly dismissed.

4. The district court abused its discretion in dismissing the RCRA citizen suit claim as barred by laches. Laches is "strongly disfavored in environmental cases." *Save the Peaks Coal. v. U.S. Forest Serv.*, 669 F.3d 1025, 1031 (9th Cir. 2012). Three factors support this presumption against the equitable defense of laches here. First, it makes little sense to say that a private attorney general "sleeps on his rights" when those rights belong to the public. *Id.* The pollution at issue endangers the health of people living next door to the property and threatens to contaminate a nearby creek, harming "the public at-large, and not just the plaintiffs." *Klamath Siskiyou Wildlands Ctr. v. Boody*, 468 F.3d 549, 555 (9th Cir. 2006). Second, it would be unfair to the public and disregard its interests to dismiss this citizen suit simply because it was filed by the dilatory Goldberg Estates rather than by another plaintiff, such as the property's new owner, 220 W. Gutierrez, LLC, or a new neighbor living near the property. *See Jarrow Formulas,*

*Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 840 (9th Cir. 2002) ("[T]he public good is of *paramount* importance when considering the equitable defense of laches." (emphasis in original) (citation omitted)). Anyone presently injured by the toxic chemicals emanating from the property could have brought this exact same claim against Defendants. *See* 42 U.S.C. 6972(a). Third, maintaining this RCRA claim would advance the congressional policy of abating threats to human health and the environment. *See id.* § 6902(b). "The use of laches should be restricted to avoid defeat of Congress' environmental policy." *Save the Peaks*, 669 F.3d at 1031 (citation omitted). So although the Goldberg Estates' personal trespass claim is barred by their 17-year delay and the resulting prejudice to Defendants, the equitable considerations operate differently in the context of the RCRA claim. These facts are not so extreme as to give rise to one of the "rare cases" in which the presumption against laches barring a RCRA citizen suit is overcome. *Neighbors of Cuddy Mountain v. U.S. Forest Serv.*, 137 F.3d 1372, 1381 (9th Cir. 1998). On remand, the district court should determine whether summary judgment is appropriate or a trial is required on the merits of this RCRA claim.

5. The district court erred in granting summary judgment on the claims for response costs and declaratory relief under CERCLA and the HSAA. CERCLA's statute of limitations requires suit "within 3 years after *completion* of the removal action." 42 U.S.C. § 9613(g)(2)(A) (emphasis added). When pollution removal is

6

incomplete, courts "have uniformly held that all 'removal' activities at a site constitute a single 'removal' for statute of limitations purposes." *California Dep't of Toxic Substances Control v. Hyampom Lumber Co.*, 903 F. Supp. 1389, 1394 (E.D. Cal. 1995). The California Department of Toxic Substances Control's July 2012 order found that no removal activities had been conducted "since March 1996." Because this removal action still has not been completed, CERCLA's statute of limitations has not yet begun to run.

The district court also erred in concluding that the Goldberg Estates could not obtain a declaratory judgment that Defendants are liable under CERCLA. That statute provides that the entry of declaratory judgment as to a defendant's liability is mandatory. 42 U.S.C. § 9613(g)(2). "The fact that future costs are somewhat speculative is no bar to a present declaration of liability." *Kelley v. E.I. DuPont de Nemours & Co.*, 17 F.3d 836, 844 (6th Cir. 1994) (internal quotation marks and citation omitted).

Finally, the district court erred in granting summary judgment on the HSAA claim on the ground that the HSAA's definition of "person" does not include estates. The court correctly observed that the HSAA is generally interpreted the same way as CERCLA. But even though CERCLA's definition of "person" does not enumerate estates, there is no dispute between the parties in this case that a deceased individual's estate qualifies as a "person" under CERCLA. *See* 42

7

U.S.C. § 9601(21). Because the parties agree that an estate is entitled to make a CERCLA claim, we conclude that the estate qualifies to make a claim under the HSAA as well.

6. The district court properly granted summary judgment on the claims for contractual and equitable indemnity as barred by the statute of limitations and laches. By statute, "the person indemnified is not entitled to recover without payment thereof." Cal. Civ. Code § 2778(2). The record shows that the Goldberg Estates' only payments were made in the 1990s; more recent payments have been made by Daniel Rubin as trustee of the Goldberg Trust, who is not a named party to this dispute. *See Greenspan v. LADT, LLC*, 121 Cal. Rptr. 3d 118, 146 (Cal. Ct. App. 2010). Accordingly, recovery of the Goldberg Estates' payments under a contractual indemnity theory is barred by the statute of limitations. *See* Cal. Code Civ. Proc. § 337. Recovery under a theory of equitable indemnity, like the trespass claim, is barred by laches. *See People v. Koontz*, 46 P.3d 335, 366 (Cal. 2002).[1]

7. Appellees' Motion to Take Judicial Notice (Dkt. 49) is GRANTED. Appellees' Motion to Strike Portions of Reply Brief and Further Excerpts of Record; Alternatively, for Leave to File Response to Appellants' Reply Brief (Dkt.

---

[1] On remand, however, Daniel Rubin may move to join this case as a named plaintiff in his capacity as trustee of the Goldberg Trust, and may seek to reassert claims that the Goldberg Estates could not bring here. *See* Fed. R. Civ. P. 19(a)(1). We express no opinion whether any such motion should be granted.

8

65) is DENIED as to the motion to strike and GRANTED as to the motion for leave to file a surreply.

Each party shall bear its own costs on appeal. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED in part; REVERSED in part; REMANDED.**