**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN RAY MILLER,

           Plaintiff-Appellant,

  v.

ALBERT NAJERA; et al.,

           Defendants-Appellees.

No. 21-15202

D.C. No. 1:19-cv-01077-AWI-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Steven Ray Miller appeals pro se from the district court's judgment

dismissing his action alleging claims under 42 U.S.C. § 1983, *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and

state law that occurred while he was a pretrial detainee. We have jurisdiction

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Miller's action as barred by the applicable statute of limitations. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (setting forth two-year statute of limitations for personal injury and negligence claims; statutory tolling of up to two years due to imprisonment); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (§ 1983 claims are governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (for action under *Bivens*, claims are governed by the forum state's statute of limitations for personal injury claims); *Wood v. Elling Corp.*, 572 P.2d 755, 759 (Cal. 1977) (equitable tolling based on successive claims in same forum permitted only where, inter alia, the trial court erroneously dismissed first action and dilatory tactics by defendant prevented disposition of the first action in time to permit filing of second action within the limitations period).

The district court did not abuse its discretion by denying Miller leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

21-15202

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**